RECORD NO. 22-2263

In The

# United States Court of Appeals
## For The Fourth Circuit

# Sheila Ann Trantham,

*Plaintiff – Appellant,*

v.

# Steven G. Tate,

*Defendant – Appellee.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

―――――――

## BRIEF OF APPELLANT

―――――――

R. Todd Mosley
MOSLEY LAW FIRM, P.C.
77 Central Ave. Ste. E
Asheville, NC 28801
(828) 412-8700
todd@mosleyfirm.com

*Counsel for Appellant*

## DISCLOSURE STATEMENT

The appellant is an individual and is the only debtor in this case.

Under Fed. R. App. 26.1(c) and Local Rule 26.1, there is no information

to disclose.

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ..............................................................ii

TABLE OF AUTHORITIES..............................................................v

STATEMENT OF JURISDICTION ...................................................1

STATEMENT OF THE ISSUES.......................................................1

STANDARD OF REVIEW ...............................................................2

STATEMENT OF THE CASE...........................................................2

STATEMENT OF THE FACTS ........................................................3

SUMMARY OF THE ARGUMENT ..................................................5

INTRODUCTION TO VESTING IN BANKRUPTCY................................6

ARGUMENT ....................................................................................9

   I.   MS. TRANTHAM'S PLAN COMPLIED WITH THE BANKRUPTCY CODE AND THE BANKRUPTCY COURT ERRED WHEN IT FAILED TO FOLLOW THE STATUTORY FRAMEWORK FOR CONFIRMING A PLAN ..................9

      A. CHAPTER 13 DEBTORS HAVE DISCRETION TO PICK AND CHOOSE PLAN PROVISIONS FROM 11 U.S.C. § 1322(b) ...........................10

      B. THE BANKRUPTCY COURT SHALL CONFIRM A PLAN IF IT COMPLIES WITH 11 U.S.C. § 1325(a) AND NO PARTY OBJECTS UNDER § 1325(b) ..................................................................................11

C. SECTION 28 U.S.C. § 2075 PROHIBITS A BANKRUPTCY COURT FROM LIMITING A DEBTOR'S SUBSTANTIVE RIGHTS UNDER § 1322(b) ................................................................. 12

II. MS. TRANTHAM HAS STANDING TO APPEAL ...................................... 15

A. UNDER PRUDENTIAL STANDING, THE OBLIGATION TO HEAR CASES IS "VIRTUALLY UNFLAGGING" .................................................15

B. MS. TRANTHAM IS A PERSON AGGRIEVED...........................16

CONCLUSION ................................................................................. 20

REQUEST FOR ORAL ARGUMENT ................................................. 21

CERTIFICATE OF COMPLIANCE .................................................... 21

CERTIFICATE OF SERVICE ............................................................. 22

ADDENDUM OF FORM PLANS ........................................................ 23

A. NATIONAL CHAPTER 13 PLAN............................................23

B. WESTERN DISTRICT OF NORTH CAROLINA LOCAL PLAN..........32

## TABLE OF AUTHORITIES

*Arlington Capital, LLC v. Bainton McCarthy LLC*, 828 F.3d 602 (7th Cir. 2016) ................................................... 15

*Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015) ............ 1, 9-10, 15-16, 20

*Cal. Franchise Tax Bd. v. Kendall*, 657 F.3d 921 (9th Cir. 2011) ............. 7

*Carl F. Schier PLC v. Nathan*, 924 F.3d 890 (6th Cir. 2019) .................. 15

*Fidelity Bank, Nat'l Ass'n v. M.M. Group*, 77 F.3d 880 (6th Cir. 1996) .. 17

*Hamilton v. Lanning*, 560 U.S. 505 (2010) ................................................. 7

*In re Adams*, 734 F.2d 1094 (5th Cir. 1984). ........................................... 14

*In re Cherry*, 963 F.3d 717 (7th Cir. 2019). ............................................... 8

*In re Clark*, 927 F.2d 793 (4th Cir. 1991) ........................................... 15-16

*In re Cooper*, No. 14-04255-5-DMW, 2015 Bankr. LEXIS 1029 (Bankr. E.D.N.C Mar. 31, 2015) ........................................................ 14

*In re Diaz*, 972 F.3d 713 (5th Cir. 2020). ........................................... 12, 14

*In re DuPage Boiler Workers, Inc.*, 965 F.2d 296 (7th Cir. 1992) ........... 17

*In re Dykes*, 10 F.3d 184 (3d Cir. 1993) ................................................. 16

*In re El San Juan Hotel*, 809 F.2d 151 (1st Cir. 1987) ............................. 16

*In re Harkins*, 491 B.R. 518 (Bankr. S.D. Ohio 2013). .................... 14

*In re Litton*, 330 F.3d 636 (4th Cir. 2003) ................................................. 2

*In re Steenes*, 918 F.3d 554 (7th Cir. 2019)..............................................7-8

*In re Steenes*, 942 F.3d 834 (7th Cir. 2019)..................................................8

*In re Szostek*, 886 F. 2d 1405 (3rd Cir. 1989) ...........................................12

*Lapeyre v. A.M. Dupont Corp.* 2003 U.S. App. LEXIS 28039 (5th Cir. Jan. 29, 2003)....................................................................................16-17

*Law v. Siegel*, 571 U.S. 415 (2014)..........................................10, 17-18

*Lexmark Int'l, Inc. v. Static Control Components*, 572 U.S. 118 (2014)..............................................................................................15

*Lopez v. Behles*, 14 F.3d 1497 (10th Cir. 1994) ......................................17

*LVNV Funding, LLC v. Harling*, 852 F.3d 367 (4th Cir. 2017) ........9, 11

*Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation US, LLC,* 578 B.R. 325 (E.D. Va 2017) ...................................................17

*Matter of Fondiller*, 707 F.2d 441 (9th Cir. 1983) ..............................16-17

*Payne v. Taslimi*, 998 F.3d 648 (4th Cir. 2021) ........................................9

*Petro v. Mishler*, 276 F.3d 375 (7th Cir. 2002) ........................................11

*Petron v. SFR Invs. Pool 1, LLC*, 754 Fed. Appx. 590 (9th Cir. 2019) ...15

*Shaw v. Aurgroup Fin. Credit Union*, 552 F. 3d 447 (6th Cir. 2009)…11-12

*Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004). ..............13

*United States v. Windsor* 570 U.S. 744 (2013) .................................15-17

*Westwood Cmty. Two Ass'n v. Barbee*, 293 F.3d 1332 (11th Cir. 2002) ...................................................................................... 17

## Statutes

11 U.S.C. § 349 .................................................................................. 19

11 U.S.C. § 362 .................................................................................... 8

11 U.S.C. § 363 ........................................................................... 6-7, 18

11 U.S.C. § 522 .................................................................................. 10

11 U.S.C. § 541 .................................................................................... 6

11 U.S.C. § 1303 ......................................................................... 6-7, 18

11 U.S.C. § 1306 .................................................................................. 6

11 U.S.C. § 1307 ................................................................................ 19

11 U.S.C. § 1321 ............................................................................... 7, 9

11 U.S.C. § 1322 ........................................................... 5, 7, 10, 12-13

11 U.S.C. § 1324 ................................................................................ 11

11 U.S.C. § 1325 ........................................................ 7, 9, 11-12, 16, 18

11 U.S.C. § 1327 ...................................................................... 4, 7-8, 18

28 U.S.C. § 2075 ........................................................................... 12-14

N.C.G.S. § 1C-1601 ............................................................................. 8

## RULES OF PROCEDURE

Fed. Rule App. P. 4. .................................................................................. 1

Fed. Rule Bank. P 3015.1 ...................................................................... 13

Fed. Rule Bank. P. 8002 ......................................................................... 1

Fed. Rule Bank. P. 9006 .................................................................... 7, 18

Fed. Rule Bank. P. 9029 ........................................................................ 13

## OTHER SOURCES

BLACK'S LAW DICTIONARY (9th ed. 2009) .................................................. 7

Local Form 3 ........................................................................................ 13

Local Chapter 13 Plan......................................................................... 13

United States Courts Bankruptcy Court Misc. Fee Schedule.................. 8

## STATEMENT OF JURISDICTION

This appeal arises from a Chapter 13 bankruptcy plan confirmation dispute. The bankruptcy court entered a final order confirming the plan on March 30, 2022. Ms. Trantham timely appealed to the district court on April 6, 2022. See Fed. R. Bankr. P 8002(a)(1).[1] The district court entered an order affirming the decision of the bankruptcy court on November 21, 2022. Pursuant to Fed. R. App. P. 4(a)(1)(A), Ms. Trantham timely appealed to this Court on December 7, 2022.

## STATEMENT OF THE ISSUES

I.    Whether Ms. Trantham's preferred plan complied with the Bankruptcy Code and should have been confirmed.

II.   Whether Ms. Trantham has standing to appeal.

---

[1] In bankruptcy cases, denial of confirmation with leave to amend is not a final order that the debtor can immediately appeal by right. See, *Bullard v. Blue Hills Bank*, 575 U.S. 496, 498-499 (2015). The debtor must wait to appeal by right until the plan is confirmed or the court dismisses the case. *Id.* at 504.

STANDARD OF REVIEW

A bankruptcy court's questions of law are reviewed de novo, while findings of fact are reviewed for clear error. Mixed questions of law and fact are reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003)(citations omitted).

STATEMENT OF THE CASE

On September 22, 2021, Ms. Trantham filed a Chapter 13 bankruptcy in the Western District of North Carolina. JA 10. On the same day, Ms. Trantham also filed her Chapter 13 plan. JA 58. The Chapter 13 Trustee objected to the plan. JA 64. The bankruptcy court heard arguments on the objection on January 18, 2022, and ruled from the bench sustaining the Trustee's objection. JA 2. The bankruptcy court entered an order sustaining the objection on January 28, 2022. JA 70. Ms. Trantham amended her plan several times, ultimately satisfying the Trustee's objections, and the plan was confirmed on March 30, 2022. JA 91. Ms. Trantham filed a notice of appeal to the district court on April 6, 2022. JA 92. The district court sustained the bankruptcy court's order on November 21, 2022. JA 98. Ms. Trantham

filed a notice of appeal of the district court order on December 7, 2022.

JA 111.

## STATEMENT OF THE FACTS

When the Debtor, Sheila Trantham, filed her Chapter 13

bankruptcy, she was a Medicaid Caseworker with the county

government and made only $2,125.37 per month in take-home pay.  JA

34.  She had over $30,249.00 in debts but only $307.37 a month

available to pay her creditors.  JA 17, JA 37.  She had previously filed

for bankruptcy in the past four years but was eligible to discharge her

debts in Chapter 13 bankruptcy.  JA 12.   She claimed exemptions for

the full stated value of all of her assets, to which no party objected, so

she was not required to pay an amount to her creditors for assets

exceeding her exemptions.  JA 24-25.  Her income was below the North

Carolina median for her household size, so she filed a plan that

proposed to pay $307 per month to the Chapter 13 Trustee for 36

months, with creditors getting the amount available after the trustee

commission and attorney fees were paid.  JA 37, JA 59-60.  The Trustee

did not object to this aspect of her plan.  JA 64.

Instead, the Trustee objected to the plan because it modified the language of the local Chapter 13 plan form. JA 64. In Section 7.1 of the initial plan, the default language of the local plan was struck-through as follows: "~~All property of the Debtor remains vested in the estate and will vest in the Debtor upon entry of the final decree.~~" A nonstandard provision was added in Section 8.1.17 that stated "pursuant to 11 U.S.C. § 1327(b), confirmation of the plan vests all of the property of the estate in the debtor." Ms. Trantham made a technical amendment to the plan but kept the vesting provisions from the original plan. JA 67-69. The bankruptcy court sustained the trustee's objection. JA 70-72. Ultimately, to reach a confirmable plan, Ms. Trantham proposed a new plan that reinstated the default language about vesting, such that property of the estate would only revest with her after the final decree of the entire case. JA 82-89. The bankruptcy court confirmed the plan but included a provision in the confirmation order that property of the Debtor remains vested in the estate at confirmation. JA 91.

## SUMMARY OF THE ARGUMENT

**I.**    The bankruptcy court erred when it sustained the trustee's objection to the plan and held that the local form plan can override Ms. Trantham's choice.  Chapter 13 debtors have the valuable and exclusive right to propose their plans.  Section 11 U.S.C. § 1322(b) of the Bankruptcy Code contains provisions that debtors may include in their plan at their discretion, one of which is the right to specify whether property of the estate vests in the debtor at confirmation or at a later time.  Ms. Trantham's preferred plan specified that property of the estate would vest at confirmation of the plan, as allowed under § 1322(b)(9).  The bankruptcy court should have confirmed her preferred plan.

**II.**    Ms. Trantham has standing to appeal because the Supreme Court approves of the practice of appealing one's own plan. Additionally, recent developments in prudential standing make appellate courts' obligation to hear cases "virtually unflagging." However, even under the traditional "person aggrieved" standard, Ms. Trantham's valuable rights under the Bankruptcy Code were infringed, which directly and adversely affected her pecuniarily.

## Introduction to Vesting in Bankruptcy

The issues presented in this case require an understanding of "property of the estate" and what it means for that property to vest. When a debtor files bankruptcy, an estate is created of certain specified property belonging to the debtor. This is referred to as "property of the estate". 11 U.S.C. § 541. With limited exceptions, that estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(2). In a Chapter 13 bankruptcy, the estate also includes all property listed in § 541 acquired after commencement of the case as well as the earnings of the debtor. 11 U.S.C. § 1306. In a Chapter 13 bankruptcy, the debtor retains possession of all property of the estate, except as provided for under the plan. 11 U.S.C. § 1306(b). While debtors retain possession of property of the estate, they must have court permission to "use, sell, or lease" the property, other than in the ordinary course of their business. 11 U.S.C. §§ 363(b) & 1303.

Once a debtor's plan is confirmed by the bankruptcy court, property of the estate "vests" in the debtor except as provided for in the

6

plan or confirmation order. 11 U.S.C. §1327(b). "The statute does not

define the term 'vests', but '[w]hen terms used in a statute are

undefined, we give them their ordinary meaning. The common

definition of 'vest' is '[t]o confer ownership (of property) upon a person'

and '[t]o invest (a person) with the full title to property.' *Cal. Franchise*

*Tax Bd. v. Kendall*, 657 F.3d 921, 928 (9ᵗʰ Cir. 2011) citing *Hamilton v.*

*Lanning*, 560 U.S. 505, 513 (2010), BLACK'S LAW DICTIONARY (9th ed.

2009). Revesting at confirmation is the default rule under the

Bankruptcy Code. *In re Steenes*, 918 F.3d 554, 557 (7ᵗʰ Cir. 2019)

("Steenes I. Nevertheless, a debtor retains the discretion to specify in

their plan that property revests at confirmation or at a later time. 11

U.S.C. §§ 1321, 1322(b)(9), 1325(a).

 If property of the estate revests in the debtor at confirmation, the

debtor would generally be free to sell it, perhaps using the proceeds to

fund the plan. If the debtor's car is not property of the estate, the debtor

would not be required by 11 U.S.C. §§ 1303 & 363(b)(1) to seek

permission to sell or lease that car. But if property has not revested

with the debtor, a court hearing is required under § 363(b)(1). This has

costs for the debtor, both in time and money. First, the debtor would

need to wait for a hearing before the court. Fed. R. Bank. P. 9006(d)

requires at least seven days' notice for motions, though the court's schedule could add additional delays. Second, additional court fees or attorney fees add monetary costs to the debtor's obligations.[2, 3] For debtors without additional disposable income, this additional expense could be the difference between completing a plan or having the case dismissed. Thus, revesting reduces a debtor's burdens.

The flip side of vesting is that the protection of the automatic stay is reduced. See 11 U.S.C. §§ 362((a)(3), 1327(a). If property is no longer property of the estate, post-petition creditors could seek possession or control of that property. If, after filing bankruptcy, a debtor illegally parked their car, a municipality would be able to impound and sell an illegally-parked vehicle without first seeking court approval. *Steenes I*; *In re Steenes*, 942 F.3d 834 (7th Cir. 2019) ("Steenes II); *In re Cherry*, 963 F.3d 717 (7th Cir. 2019). However, as to new judgment creditors, a debtor may be able to use state-law exemptions to protect their property. See N.C.G.S. § 1C-1601 *et. seq.*

---

[2] $188 filing fee. Entry 19. https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule

[3] $450 attorney fee, plus $1.50 for each creditor served. Local Form 3, non-base item (e) – Motion for authority to sell property. https://www.ncwb.uscourts.gov/sites/ncwb/files/forms/Local%20Form%203%20Sept%202021.pdf

ARGUMENT

**I. Ms. Trantham's plan complied with the Bankruptcy Code and the bankruptcy court erred when it failed to follow the statutory framework for confirming a Chapter 13 plan.**

The Bankruptcy Code "reflects a careful and structured framework set out by Congress." *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017).[4] The first step in the plan confirmation process is for the debtor to file a plan. § 1321. This is the debtor's "valuable and exclusive right…." *Bullard* at 505. A bankruptcy court is required to confirm a debtor's plan if the plan satisfies § 1325(a) and there is no objection under the limited grounds of § 1325(b).

---

[4] *LVNV Funding* recites the statutory plan confirmation process. However, the district court declined to follow the *LVNV* Funding because the holding was about res judicata. JA 103. However, if a judicial opinion's statement is necessary for the analytical foundations of the holding, its reasoning must be followed. *Payne v. Taslimi*, 998 F.3d 648, 654-655 (4th Cir. 2021). This Court's opinion in *LVNV Funding* stated that "[t]he determination of res judicata begins with the Bankruptcy Code's statutory scheme." *Id.* at 371. Thus, *LVNV Funding's* analysis of the plan confirmation process is the analytical foundation of the holding and its must be followed.

9

## A. Chapter 13 debtors have discretion to pick and choose plan provisions from 11 U.S.C. § 1322(b).

Chapter 13 bankruptcy debtors have the right to propose their own plan and they retain the exclusive discretion to choose from the plan provisions specified in 11 U.S.C. § 1322(b). See *Bullard* at 505 and § 1322(b). Only § 1322(a) contains mandatory provisions, such as committing all of the future earnings of the debtor necessary for execution of the plan. However, provisions from § 1322(b) are entirely discretionary, and the discretion belongs to the debtor. In *Law v. Siegel*, 571 U.S. 415 (2014), the Court explained how the use of "may" in 11 U.S.C. § 522, grants discretion to debtors to pick and choose exemptions,

> the subject of 'may exempt' in § 522(b) is the debtor, not the court, so it is the debtor in whom the statute vests discretion. A debtor need not invoke an exemption to which the statute entitles him; but if he does, the court may not refuse to honor the exemption absent a valid statutory basis for doing so.

*Id.* at 424. It follows that the Code's use of "may" in § 1322(b) is also a grant of discretion to the debtor. She can choose her preferred provisions from § 1322(b) and the court cannot refuse to honor the choice unless it has a valid statutory basis. Section 1322(b)(9)

specifically permits a debtor to specify that property revests at confirmation.  Ms. Trantham chose to do so in her preferred plan.  JA 63.

> ### B. The bankruptcy court shall confirm the plan if it complies with 11 U.S.C. § 1325(a) and no party objects under § 1325(b).

The next phase in the process is for the bankruptcy court to hold a hearing on confirmation.  11 U.S.C. §1324.  Confirmation is governed by § 1325.  "[T]he bankruptcy court 'shall confirm' a debtor's Chapter 13 plan if it meets the specific requirements therein and 'complies with the [other] provisions of' Chapter 13."  *LVNV Funding* at 371 citing 11 U.S.C. § 1325(a).  If the requirements of §1325 are met, "the bankruptcy court lacks the authority to impose additional requirements."  *Id*.  Additionally, a trustee's objections are limited to those contained in § 1325(b).  *Petro v. Mishler*, 276 F.3d 375, 378 (7th Cir. 2002) (" If those requirements are met, and … the Trustee fails to object to the plan pursuant to section 1325(b), the statute states that the plan 'shall' be approved."); see also *Shaw v. Aurgroup Fin. Credit Union*, 552 F. 3d 447, 450 (6th Cir. 2009) ("The bankruptcy court is required to confirm

the plan so long as it satisfies the provisions of 11 U.S.C. 1325(a).”); *In re Szostek*, 886 F.2d 1405, 1411, (3rd Cir. 1989) (“Thus, the logical interpretation is that if the conditions of §1325(a) occur, the court *must* confirm the plan.”); *In re Diaz*, 972 F.3d 713, 717 (5th Cir. 2020) (“Chapter 13 plans that meet the Code’s requirements must be confirmed by the bankruptcy court.”).

The bankruptcy court found no violation of §1325(a).  The trustee did not object under § 1325(b).  Section 1322(b)(9) clearly permits a debtor to specify the time of vesting of property of the estate.  The bankruptcy court even found that “the language of Debtor’s nonstandard provision is not contrary to a specific provision of the code….”  JA 71.  The bankruptcy court should have confirmed the plan after this finding.

## C. Section 28 U.S.C. § 2075 prohibits a bankruptcy court from limiting a debtor’s substantive rights under § 1322(b).

The bankruptcy court exceeded its rulemaking authority under 28 U.S.C. § 2075.  Congress delegated authority to the Supreme Court to adopt general bankruptcy rules.  28 U.S.C. § 2075.  The Court delegated

authority to bankruptcy courts to adopt local rules for practice and
procedure.  Fed. R. Bankr. P. 9029(a).  The Court also delegated
authority to adopt local Chapter 13 plan forms instead of the national
form. Fed. R. Bankr. P. 3015.1.  However, the Rules and local plan
forms cannot "abridge, enlarge, or modify any substantive right." *Tenn.
Student Assistance Corp. v. Hood*, 541 U.S. 440, 454 (2004) ("the Rules
cannot prevent a debtor from exercising her statutory rights.") citing §
2075.  In the national Chapter 13 plan form, Section 7.1 gives debtors
the option to specify whether property of the estate vests at
confirmation, at discharge, or at another time.[5]  Thus, that national
plan form does not limit a debtor's rights under § 1322(b)(9).  However,
in the Western District of North Carolina, Section 7.1 of the local
Chapter 13 plan form mandates that property of the estate vests after
the final decree.[6] By holding that Ms. Trantham could not alter the
vesting provision of the local form, the bankruptcy court abridged Ms.
Trantham's rights under §1322(b)(9).

---

[5] The national plan can be found at
https://www.uscourts.gov/forms/individual-debtors/chapter-13-plan
[6] The local plan can be found at
https://www.ncwb.uscourts.gov/forms/local-form-04-ch-13-plan

The Fifth Circuit confronted a similar situation in which it invalidated a local plan provision that abridged a debtor's right to retain an expected tax refund. *In re Diaz*, 972 F.3d 713 (5th Cir. 2020). *Diaz* reaffirmed that under § 2075, "the rules must be procedural only – they may not 'abridge, enlarge, or modify any substantive right'". *Id.* at 717 (citing *In re Adams* 734 F. 2d 1094, 1099 (5th Cir. 1984)); 28 U.S.C. § 2075). "[T]he provisions in a local chapter 13 plan must be procedural, not substantive." *Diaz* at 719 (citing *Adams* at 1099). A local plan provision that abridges a debtor's substantive rights is invalid. *Id.* at 719. When a bankruptcy "form is in conflict with the Code, the Code controls." *In re Cooper*, No. 14-04255-5-DMW, 2015 Bankr. LEXIS 1029, at *26 (Bankr. E.D.N.C Mar. 31, 2015)(citing *In re Harkins*, 491 B.R. 518, 522 (Bankr. S.D. Ohio 2013).

Here, the bankruptcy court implemented a substantive plan provision in the local plan: specifying the point at which property revests in the debtor. This overstepped the bankruptcy court's delegated authority under § 2075, as it abridged and modified Ms. Trantham's revesting rights. Thus, the local plan provision is invalid.

14

## II. Ms. Trantham has standing to appeal.

Appealing confirmation of a debtor's own plan is a practice approved by the Supreme Court. *Bullard* at 507. In this Circuit, traditionally, a party in a bankruptcy matter has standing to appeal if they are a "person aggrieved". *In re Clark*, 927 F.2d 793, 795. (4th Cir. 1991). However, Congress deleted the "person-aggrieved" text from the Bankruptcy Code in 1978 so the "person-aggrieved" standard now falls under prudential standing. *Carl F. Schier PLC v. Nathan*, 924 F.3d 890, 896 (6th Cir. 2019).

### A. Under prudential standing, the obligation to hear cases is "virtually unflagging."

Under prudential standing, "a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging." *Lexmark Int'l, Inc. v. Static Control Components*, 572 U.S. 118, 125-126 (2014)(internal quotations omitted). Other Circuits have begun questioning the effect of *Lexmark* on bankruptcy cases. *Schier* at 896-897; *Arlington Capital* at 602, n. 1; *Cf. Petron v. SFR Invs. Pool 1, LLC*, 754 Fed. Appx. 590, 591 (9th Cir. 2019). Prudential standing is "designed to protect the courts from deciding abstract questions of wide

15

public significance" better left to other branches of government. *United States v. Windsor* 570 U.S. 744, 757 (2013). The issues in this case are not abstract. As stated above, the Supreme Court approves of the practice of a debtor appealing confirmation of her plan. *Bullard* at 507. Ms. Trantham had the right to propose her own plan and have the plan confirmed if it satisfied § 1325. Instead, the bankruptcy court inserted its preferred plan provision. Ms. Trantham's valuable rights were infringed by the bankruptcy court, and under the "virtually unflagging" standard, Ms. Trantham's appeal must proceed.

### B. Ms. Trantham is a person aggrieved.

Nevertheless, Ms. Trantham can still satisfy the traditional "person aggrieved" standard. A "person aggrieved" is a party 'directly and adversely affected pecuniarily'" *Clark* citing *Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983). This is shown when an order diminishes "the debtor's property, increase[s] his burdens, or detrimentally affect[s] his rights." *Id.* at 442 (citation omitted). A majority of circuits adopt this definition of "person aggrieved". *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987); *In re Dykes*, 10 F.3d 184, 187-88 (3d Cir. 1993); *Lapeyre v. A.M. Dupont Corp.*, No. 01-30921,

2003 U.S. App. LEXIS 28039, at *6 (5th Cir. Jan. 29, 2003) (5th Cir. LR

47.5.34 makes the opinion non-precedential); *Fidelity Bank, Nat'l Ass'n*

*v. M.M. Group*, 77 F.3d 880, 882 (6th Cir. 1996); *In re DuPage Boiler*

*Workers, Inc.*, 965 F.2d 296, 297 (7th Cir. 1992); *Lopez v. Behles*, 14 F.3d

1497, 1500 (10th Cir. 1994); *Westwood Cmty. Two Ass'n v. Barbee*, 293

F.3d 1332, 1335 (11th Cir. 2002).  At least one lower court in the Fourth

Circuit has also applied this standard.  *Mar-Bow Value Partners, LLC*

*v. McKinsey Recovery & Transformation US, LLC*,  578 B.R. 325, 354

(E.D. Va 2017).  Thus, a debtor has three ways of showing pecuniary

harm: monetarily, additional procedural red tape, or an infringement of

rights.  See *Fondiller* at 442.

The bankruptcy court infringed Ms. Trantham's rights by

mandating the time of vesting in the local plan form.  As the district

court noted, the bankruptcy court "long ago decided that vesting of the

property in its cases shall happen at a later time…."  JA 103.  As

argued above, this conflicts with several provisions of the bankruptcy

code and exceeds the bankruptcy court's rulemaking authority.  The

Court "has long held that whatever equitable powers remain in the

bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Law* at 421 (internal quotation omitted).

Bankruptcy plans generally last three to five years. *See* § 1325(b)(4). The choice of vesting is a strategic decision for the debtor that must be made at the outset of a bankruptcy case. Once a debtor's plan is confirmed, the debtor and creditors are bound by those plan terms. 11 U.S.C. § 1327(a). The decisions a debtor makes about the plan will affect the rights of all parties throughout the length of the case. Revesting returns control of the property to the debtor, but at the risk of collection efforts by post-petition creditors. On the other hand, revesting until the case is closed will extend automatic stay protection from post-petition creditors.

As explained above in the introduction to vesting, if property stays property of the estate, a debtor must seek a court order to use, sell, or lease the property outside the normal course of business. See §§ 363(b)(1), 1303. Generally, a debtor will need to wait seven days for a hearing. Fed. R. Bankr. P. 9006(d). While local rules may purport to change these requirements, local rules can change over the length of a

debtor's case.[7]  Thus, a debtor has increased burdens from the additional time involved with a court hearing, plus increased costs to have an attorney file a motion for a hearing.

If property revests at confirmation, however, the debtor is free to use her property as she sees fit without the additional costs and burdens of a court hearing.  Thus, revesting can facilitate plan completion. On the other hand, a debtor without revested property may seek a quick dismissal of the case to regain control of the property quickly, leaving creditors left scrambling to recover money or property through non-bankruptcy means.  See 11 U.S.C. §§ 349(b)(3), 1307(b).

The district court's analysis of standing was too narrow, as it seemed to focus only on specific monetary harm to the debtor that could be immediately identified.  If the district court's standard was used, few debtors would be able to quantify the harm as it relates to vesting. Because vesting affects the future rights, burdens, and financial impact of the debtor, it is unique in the context of standing.  The extent of the monetary harm, or lack thereof, is usually unknown at the time of

---

[7] The issues presented in this appeal do not require this Court to determine if a bankruptcy court's rulemaking authority permit it to eliminate the requirement of a hearing as mandated by § 363(b)(1).

confirmation.  The extent of the economic harm will be unknown until the plan is completed.

With vesting, the issue of standing will necessarily focus on whether the debtor's rights were infringed.  Requiring a showing of economic damages at plan confirmation would otherwise permit trustees to trample a debtor's rights under the Code without any recourse available to the debtor.  As the Supreme Court stated, these rights are "valuable".  *Bullard* at 505.  Ms. Trantham's valuable rights were infringed, and she should not be prohibited from appealing.

## CONCLUSION

This Court should reverse the district court and remand the case to the bankruptcy court to vacate the confirmation order and order sustaining the trustee's objection to confirmation.

Respectfully submitted,

/s/R. Todd Mosley
R. Todd Mosley
NC Lic. # 48586
Attorney for Appellant
77 Central Ave. Ste. E
(828) 412-8700

## REQUEST FOR ORAL ARGUMENT

This appeal raises important legal questions regarding the Bankruptcy Code's requirements for plan confirmation and the debtor's right to chose plan terms contained in 11 U.S.C. § 1322(b). Oral argument would assist the panel's resolution of these questions.

Respectfully submitted,

/s/R. Todd Mosley
R. Todd Mosley

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(B) the undersigned certifies that this brief complies with the type limitations of these Rules.

1.    Exclusive of the exempted portions Fed. R. App. P. 32(f), the brief contains 3,902 words.

2.    This brief has been prepared using font size 14 in Century Schoolbook.

Counsel for Appellant,

/s/R. Todd Mosley
R. Todd Mosley

## CERTIFICATE OF SERVICE

I certify that on February 21, 2023, the foregoing was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Counsel for Appellant,

/s/R. Todd Mosley
R. Todd Mosley

# Addendum

# National Chapter 13 Plan

| Fill in this information to identify your case: |
| --- |

Debtor 1 _____
          First Name          Middle Name          Last Name

Debtor 2 _____
(Spouse, if filing)   First Name       Middle Name       Last Name

United States Bankruptcy Court for the: _____ District of _____
                                                   (State)

Case number _____
(If known)

❑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____
_____

---

Official Form 113

## Chapter 13 Plan

**12/17**

| **Part 1:** | **Notices** |
| --- | --- |

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ❑ Included | ❑ Not included |
| --- | --- | --- | --- |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ❑ Included | ❑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ❑ Included | ❑ Not included |

| **Part 2:** | **Plan Payments and Length of Plan** |
| --- | --- |

**2.1** Debtor(s) will make regular payments to the trustee as follows:

$ _____ per_____ for _____ months

[and $ _____ per_____ for _____ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Debtor _____     Case number _____

**2.2   Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):_____.

**2.3   Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

_____

_____

**2.4   Additional payments.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $ _____.

**Part 3:      Treatment of Secured Claims**

**3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below.  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow ) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed.*

Official Form 113                    **Chapter 13 Plan**                                    Page 2

Debtor _____    Case number _____

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

   ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

   The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

   (a)   payment of the underlying debt determined under nonbankruptcy law, or

   (b)   discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

   *Insert additional claims as needed.*

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

   (1)   incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

   (2)   incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

   These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below.  Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below.  In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ |
| _____ | _____ | $_____ | _____% | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ |

   *Insert additional claims as needed.*

Official Form 113                    **Chapter 13 Plan**                    Page 3

Debtor _____    Case number _____

**3.4 Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** <br><br> _____ | a. Amount of lien | $_____ | **Amount of secured claim after avoidance** (line a minus line f) <br> $_____ |
| **Collateral** <br><br> _____ | b. Amount of all other liens <br><br> c. Value of claimed exemptions | $_____ <br><br> + $_____ | **Interest rate** (if applicable) <br><br> _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) <br><br> _____ <br><br> _____ | d. Total of adding lines a, b, and c <br><br> e. Value of debtor(s)' interest in property <br><br> f. Subtract line e from line d. | $_____ <br><br> – $_____ <br><br> $_____ | **Monthly payment on secured claim** <br> $_____ <br><br> **Estimated total payments on secured claim** <br> $_____ |

Extent of exemption impairment

(*Check applicable box*):

☐ **Line f is equal to or greater than line a.**

The entire lien is avoided. *(Do not complete the next column.)*

☐ **Line f is less than line a.**

A portion of the lien is avoided. (*Complete the next column.*)

*Insert additional claims as needed.*

**3.5  Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

Official Form 113                    **Chapter 13 Plan**                    Page 4

Debtor _____      Case number _____

## Part 4:   Treatment of Fees and Priority Claims

**4.1   General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be _____% of plan payments; and during the plan term, they are estimated to total $_____.

**4.3   Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $_____.

**4.4   Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) estimate the total amount of other priority claims to be _____.

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed.*

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

Debtor _____      Case number _____

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____ | $_____ | $_____ |
|  | Disbursed by: ☐ Trustee ☐ Debtor(s) |  |  |
| _____ | $_____ | $_____ | $_____ |
|  | Disbursed by: ☐ Trustee ☐ Debtor(s) |  |  |

*Insert additional claims as needed.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | ____% | $_____ |
| _____ | _____ | $_____ | ____% | $_____ |

*Insert additional claims as needed.*

---

**Part 6:    Executory Contracts and Unexpired Leases**

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule.  Arrearage payments will be disbursed by the trustee.  The final column includes only payments disbursed by the trustee rather than by the debtor(s).

Debtor _____     Case number _____

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ Disbursed by: ❑ Trustee ❑ Debtor(s) | $_____ | _____ | $_____ |
| _____ | _____ | $_____ Disbursed by: ❑ Trustee ❑ Debtor(s) | $_____ | _____ | $_____ |

*Insert additional contracts or leases as needed.*

---

**Part 7:   Vesting of Property of the Estate**

**7.1  Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

❑  plan confirmation.

❑  entry of discharge.

❑  other: _____.

---

**Part 8:   Nonstandard Plan Provisions**

**8.1  Check "None" or List Nonstandard Plan Provisions**

❑  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

_____
_____
_____
_____
_____

Debtor _____     Case number _____

| **Part 9:** | **Signature(s):** |

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

✘ _____     ✘ _____
Signature of Debtor 1                                     Signature of Debtor 2

Executed on _____                     Executed on _____
             MM / DD / YYYY                                           MM / DD / YYYY


✘ _____     Date _____
Signature of Attorney for Debtor(s)                           MM / DD / YYYY


**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse.  If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a.   **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*)           $_____

b.   **Modified secured claims** (*Part 3, Section 3.2 total*)           $_____

c.   **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*)           $_____

d.   **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*)           $_____

e.   **Fees and priority claims** (*Part 4 total*)           $_____

f.   **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*)           $_____

g.   **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*)           $_____

h.   **Separately classified unsecured claims** (*Part 5, Section 5.3 total*)           $_____

i.   **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*)           $_____

j.   **Nonstandard payments** *(Part 8, total)*           +   $_____

   **Total of lines a through j**           $_____

WESTERN DISTRICT OF NORTH CAROLINA  LOCAL PLAN

**Local Form 4 (Chapter 13 Plan)**                                                 **September 2021**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
*[correct division name]* DIVISION

IN RE:

                                                              Case No.

                                                              Chapter 13

TIN: XXX-XX-

                          Debtor(s)

## Chapter 13 Plan – Local Plan for the Western District of North Carolina

The following is the Chapter 13 plan proposed by the above-named debtor or debtors ("Debtor").

**Part 1:  Notices: To Creditors and Other Parties in Interest**

Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.  *This is a local plan with changes from the national plan.  Please review carefully and, specifically, refer to Part 8 for nonstandard provisions.*

If you do not want the court to confirm the Debtor's proposed plan, or if you want the court to consider your views on these matters, then you and/or your attorney must file a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

Cases filed in the Charlotte or Shelby Divisions:
Physical & Mailing Address: Clerk, U.S. Bankruptcy Court, 401 West Trade Street, Suite 2500, Charlotte, N.C. 28202

Cases filed in the Statesville Division:
Physical Address: Clerk, U.S. Bankruptcy Court, 200 West Broad Street, Room 301, Statesville, N.C. 28677
Mailing Address: Clerk, U.S. Bankruptcy Court, 401 West Trade Street, Suite 2500, Charlotte, N.C. 28202

Cases filed in the Asheville or Bryson City Divisions:
Physical & Mailing Address: Clerk, U.S. Bankruptcy Court, 100 Otis Street, Room 112, Asheville, N.C. 28801-2611

Your objection to confirmation and request for hearing must include the specific reasons for your objection and must be filed with the court no later than 21 days following the conclusion of the § 341 meeting of creditors.  If you mail your objection to confirmation to the court for filing, you must mail it early enough so that the court will receive it on or before the deadline stated above.  You must also serve a copy of your objection to confirmation on the Debtor at the address listed in the Notice of Chapter 13 Bankruptcy Case.  The attorney for the Debtor and the Chapter 13 trustee will be served

electronically. If any objections to confirmation are filed with the court, the objecting party must provide written notice of the date, time, and location of the hearing on the objection. <u>No hearing will be held unless an objection to confirmation is filed.</u> If you or your attorney do not take these steps, the court may decide that you do not oppose the proposed plan of the Debtor and may enter an order confirming the plan.

The following matters may be of particular importance. *The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim that may result in a partial payment or no payment at all to the secured creditor (Part 3.2) | ☐ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest (Part 3.4) | ☐ Included | ☐ Not Included |
| 1.3 | Request for termination of the 11 U.S.C. § 362 stay as to surrendered collateral (Part 3.5) | ☐ Included | ☐ Not Included |
| 1.4 | Request for assumption of executory contracts and/or unexpired leases (Part 6) | ☐ Included | ☐ Not Included |
| 1.5 | Nonstandard provisions | ☒ Included | ☐ Not Included |

---

**Part 2:** **Plan Payments and Length of Plan**

**2.1 Debtor will make regular payments to the Chapter 13 Trustee as follows:**

$ _____ per _____ for _____ months

$ _____ per _____ for _____ months

Or

$ _____ per _____ for a _____ percentage composition to be paid to general unsecured creditors

**2.2 Regular payments to the Chapter 13 Trustee will be made from future income in the following manner:**
*Check all that apply.*

☐ Debtor will make payments directly to the Chapter 13 trustee.

☐ Debtor will make payments pursuant to a payroll deduction order.

☐ Other (specify method of payment): _____.

**2.3 Additional payments.**
*Check one.*

☐ None. *If "None" is checked, the rest of Part 2.3 need not be completed or reproduced.*

☐ Debtor will make additional payment(s) to the Chapter 13 trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

**Part 3:** **Treatment of Secured Claims**

3.1 **Maintenance of payments and cure of default, if any.  (*Conduit mortgage payments, if any, are included here.*)**
*Check one.*

| | |
|---|---|
| ☐ | None.  *If "None" is checked, the rest of Part 3.1 need not be completed or reproduced.* |
| ☐ | Installment payments on each of the claims listed below will be maintained by the trustee, Debtor, or other, as indicated, and any arrearage will be paid in full.  Amounts stated on a timely filed proof of claim will be presumed to control over any contrary amounts listed below for the installment payment and the arrearage. <br><br> If the plan provides for payment of the current installment payments by the trustee, then the trustee shall include for payment under the Debtor's plan an allowed Administrative Arrearage claim equal to three (3) post-petition mortgage payments (unless otherwise stated). <br><br> The trustee will adjust the installment payment in accordance with any Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1.  The trustee is authorized to pay any post-petition fee, expense, or charge for which notice is filed under Bankruptcy Rule 3002.1 if no objection is filed to such fee, expense, or charge. <br><br> If relief from the automatic stay is ordered as to any item of collateral listed in this part, then, unless otherwise ordered by the court, all payments under this part as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. <br><br> If the Debtor elects to participate in the Loan Modification Management Program for a particular claim, it shall be indicated below.  If so indicated, the Special Terms set forth in Part 8.1.15 shall apply. |

| Name of creditor | Collateral | Value of collateral | Current installment payment (including escrow) | Estimated amount of prepetition arrearage (if any) | LMM election (Y/ N) |
|---|---|---|---|---|---|
| | | $ | $ | $ | |
| | | | Disbursed by: <br> ☐Trustee <br> ☐Debtor <br> ☐Other | | |
| | | $ | $ | $ | |
| | | | Disbursed by: <br> ☐Trustee <br> ☐Debtor <br> ☐Other | | |

Explain in detail the basis for proposing any deviations from this district's standard procedure for the disbursement of Conduit Mortgage Payments pursuant to Local Rule 3003-1.  This information must be included in this part, but it may also be cross-referenced to Part 8.1.17 and may require a separate motion.

Include only the amounts of pre-petition arrearages in this part. The trustee will adjust the total arrearage claim to be provided for by the plan by adding the Administrative Arrearage pursuant to Local Rule 3003-1.

*Insert additional claims as needed.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

| | |
|---|---|
| ☐ | None. *If "None" is checked, the rest of Part 3.2 need not be completed or reproduced.* |
| | *The remainder of this part will be effective only if the applicable box in Part 1 of this plan is checked.* |
| ☐ | The Debtor requests that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.<br><br>For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.<br><br>The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim shall be presumed to control over any contrary amounts listed in this part.<br><br>The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the Debtor or the estate until the earlier of:<br><br>(a)    Payment of the underlying debt determined under nonbankruptcy law, or<br>(b)    Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate |
|---|---|---|---|---|---|---|
|  | $ |  | $ | $ | $ | % |
|  |  |  |  |  | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other |  |
|  | $ |  | $ | $ | $ | % |
|  |  |  |  |  | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other |  |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

_____

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

    *Check one.*

☐    None. *If "None" is checked, the rest of Part 3.3 need not be completed or reproduced.*

☐    The claims listed below were either:

    (1)    incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

    (2)    incurred within 1 year (365 days) of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below.  These payments will be disbursed by the Chapter 13 trustee, directly by the Debtor, or as otherwise specified below.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the Debtor or the estate until the earlier of:

    (a)    Payment of the underlying debt determined under nonbankruptcy law, or

    (b)    Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

36

| Name of creditor | Collateral | Amount of claim | Interest rate |
|---|---|---|---|
| | | $ | % |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor<br>☐ Other | |
| | | $ | % |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor<br>☐ Other | |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

*Insert additional claims as needed.*

**3.4   Lien avoidance.**

   *Check one.*

☐   None.  *If "None" is checked, the rest of Part 3.4 need not be completed or reproduced.*

   *The remainder of this part will be effective only if the applicable box in Part 1 of this plan is checked.*

☐   The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor would have been entitled under 11 U.S.C § 522(b).  Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be treated as avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan and avoided pursuant to 11 U.S.C. § 522(f) upon completion of the plan.  The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 of this plan to the extent allowed.  The amount, if any, of the judicial lien or security that is not avoided will be paid in full as a secured claim under the plan and disbursed by the Chapter 13 trustee, directly by the Debtor, or as otherwise specified below.  *If more than one lien is to be avoided, provide the information separately for each lien.*

   The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a)      Payment of the underlying debt determined under nonbankruptcy law, or
(b)      Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Lien identification (such as judgment date, date of lien recording, book and page number) | Amount of secured claim remaining after avoidance | Interest rate |
|---|---|---|---|---|
| | | | $ | % |
| | | | Disbursed by:<br>☐ Trustee | |

| | | | | |
|---|---|---|---|---|
| | | | ☐Debtor<br>☐Other | |
| | | | $ | % |
| | | | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other | |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

_____

*Insert additional claims as needed.*

**3.5   Surrender of collateral.**
    *Check one.*

☐    None.  *If "None" is checked, the rest of Part 3.5 need not be completed or reproduced.*

    *The remainder of this part will be effective only if the applicable box in Part 1 of this plan is checked.*

☐    The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim.  The Debtor requests that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only.  Any allowed unsecured claim that is filed within the time set forth in Part 8.1.4, below, resulting from the disposition of the collateral will be treated in Part 5 of this plan below.

[ ] The Debtor consents to relief from the 11 U.S.C. § 1301 co-debtor stay as to the collateral only.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 of the plan below.

[ ] The Debtor consents to relief from the 11 U.S.C. § 1301 co-debtor stay as to the collateral and as to any deficiency claim resulting from the disposition of the collateral.

| Name of creditor | Collateral | Claim amount |
|---|---|---|
| | | |

*Insert additional claims as needed.*

**Part 4:   Treatment of Fees and Priority Claims**

**4.1   General**

The Chapter 13 trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Part 4.5 below, will be paid in full without post-petition interest.  Payments on all fees and priority claims, other than domestic support obligations, will be disbursed by the Chapter 13 trustee, rather than the Debtor directly.

Payments on all domestic support obligations listed in Parts 4.4 and 4.5 below will be disbursed by the Debtor directly, rather than by the Chapter 13 trustee, unless otherwise specifically provided in Part 8 of the plan.  This provision includes all regular post-petition payments, as well as any pre-petition or post-petition payment arrearages that may exist.

**4.2 Chapter 13 trustee's fees**

The Chapter 13 trustee's fees are governed by statute and may change during the course of the case.

**4.3 Debtor's Attorney's fees**

(a)    The total base attorney's fee is $ _____.

(b)    The balance of the base fee owed to the attorney is $ _____.

**4.4 Priority claims other than attorney's fees and those treated in Part 4.5.**

*Check all that apply.*

☐    None. *If "None" is checked, the rest of Part 4.4 need not be completed or reproduced.*

☐    Section 507(a) priority claims other than domestic support obligations *(generally taxes and other government obligations).*

| Name of creditor | Claim amount |
| --- | --- |
|  | $ |
|  | $ |

☐    Domestic Support Obligations

| Name of creditor | Mailing address (incl. city, state and zip code) | Telephone # | Pre-petition arrearage amount, if any |
| --- | --- | --- | --- |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☐    None. *If "None" is checked, the rest of Part 4.5 need not be completed or reproduced.*

☐    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in Part 2.1 above be for a term of 60 months.*

| Name of creditor | Amount of claim to be paid |
| --- | --- |
|  | $ |
|  | $ |

*Insert additional claims as needed.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
| --- | --- |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata by the Chapter 13 trustee. If more than one option is checked, the option providing the largest pro rata payment will be effective.

☐  The funds remaining after disbursements have been made to all other creditors provided for in this plan, for an estimated payout of

_____%.     (This is a base plan.)

OR

☐  Payment of a _____%     composition as set forth in Part 2 of the plan. (This is a percentage plan.)

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**
*Check One.*

☐  None.  *If "None" is checked, the rest of Par 5.2 need not be completed or reproduced.*

☐  The Debtor will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment to the Chapter 13 trustee.  These payments will be disbursed either by the Chapter 13 trustee, directly by the Debtor, or as otherwise specified below.  The principal amount of the claim for the arrearage amount will be paid in full.

| Name of creditor | Current installment payment | Amount of arrearage |
|---|---|---|
|  | $ | $ |
|  | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other |
|  | $ | $ |
|  | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

_____

*Insert additional claims as needed.*

**5.3**   **Other separately classified nonpriority unsecured claims.**
*Check One.*

☐  None.  *If "None" is checked, the rest of Part 5.3 need not be completed or reproduced.*

☐  The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|---|
|  |  | $ | % |
|  |  | Disbursed by: |  |

40

| | | ☐Trustee<br>☐Debtor<br>☐Other<br>_____ | |
| | | $ | % |
| | | Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other<br>_____ | |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

_____

*Insert additional claims as needed.*

---

| **Part 6:** | **Executory Contracts and Unexpired Leases** |

6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.
      *Check one.*

☐   None.  *If "None" is checked, the rest of Part 6.1 need not be completed or reproduced.*

      *The remainder of this part will be effective only if the applicable box in Part 1 of this plan is checked.*

☐   Assumed items.  Current installment payments will be disbursed either by the Chapter 13 trustee, directly by the Debtor, or as otherwise specified below, subject to any contrary order or rule.  Arrearage payments will be disbursed by the Chapter 13 trustee.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| | | $<br>Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other | $ | |
| | | $<br>Disbursed by:<br>☐Trustee<br>☐Debtor<br>☐Other | $ | |

*Please explain any disbursements to be made by someone other than the Chapter 13 trustee or the Debtor:*

_____

*Insert additional contracts or leases as needed.*

41

| **Part 7:** | **Vesting of Property of the Estate** |
|---|---|

7.1     Property of the estate includes all of the property specified in 11 U.S.C. § 541 and all property of the kind specified in 11 U.S.C. § 1306 acquired by the Debtor after commencement of the case but before the case is closed, dismissed, or converted to one under another chapter of the Code.  All property of the Debtor remains vested in the estate and will vest in the Debtor upon entry of the final decree.

| **Part 8:** | **Nonstandard Plan Provisions** |
|---|---|

8.1     Nonstandard Plan Provisions

*A nonstandard provision is a provision not otherwise included in Official Form B 113 or one deviating from it. Nonstandard provisions set out elsewhere in this local plan are adopted in Part 8.*

*The remainder of this part will be effective only if the applicable box in Part 1 of this plan is checked.*

8.1.1     Insurance information for all secured claims (real property or motor vehicles):

| Collateral | Insurance Agent and Address | Vehicle Mileage | VIN |
|---|---|---|---|
| | | | |
| | | | |

*Insert additional insurance information as needed.*

8.1.2     To receive payment from the Chapter 13 trustee, either prior to or following confirmation, both secured and unsecured creditors must file proofs of their claims.  Secured claims that are not timely filed may be disallowed or subordinated to other claims upon further order of the court.

8.1.3     Confirmation of the plan does not bar a party in interest at any time from objecting to a proof of claim for good cause shown.

8.1.4     Unless otherwise specifically ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the Chapter 13 trustee unless an itemized proof of claim for any unsecured deficiency balance is filed within 120 days (or 180 days if the property is real estate or manufactured housing), or such other period as the court orders, after the removal of the property from the protection of the automatic stay.  The removal date shall be the date of the entry of an order confirming the plan, modifying the plan, or granting relief from stay.  This provision also applies to other creditors who may claim an interest in, or a lien upon, property that is removed from the protection of the automatic stay or surrendered to another lien holder.

8.1.5     If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan and the debt shall be subject to discharge.

8.1.6    For purposes of distribution, an "Administrative Arrearage" as defined by Local Rule 3003-1 will be included as a separate arrearage claim for payment by the Chapter 13 trustee or added to any pre-petition arrearage claim.

8.1.7    The Debtor shall notify the Chapter 13 trustee of any substantial acquisitions of property or significant changes in net monthly income that may occur during the pendency of the case and shall amend the appropriate schedules previously filed in the case accordingly.

8.1.8    Confirmation of the plan shall impose a duty on Conduit Creditors and/or mortgage servicers of such creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. § 524(i), Local Rule 3003-1, and Local Rule 4001-1(e) relating to Arrearages, Administrative Arrearages, Mortgage Payments, and Conduit Mortgage Payments.  The terms of Local Rule 3003-1 are specifically incorporated herein by reference as if completely set forth with respect to the acceptance and application of all funds pursuant to the Conduit Mortgage Payment Rule.  As a result, all Conduit Creditors and/or servicers for Conduit Creditors shall have an affirmative duty to do the following upon confirmation of the plan:

(a)    Properly apply all post-petition payments received from the Chapter 13 trustee and designated to the pre-petition arrearage claim and the administrative arrearage claim only to such claims;

(b)    Properly apply all post-petition payments received from the Chapter 13 trustee and designated as Conduit Mortgage Payments beginning with the calendar month and year designated for such payment by the court in the Order Confirming Plan;

(c)    Properly apply all post-petition payments received directly from the Debtor in a non-conduit mortgage plan only to post-petition payments unless otherwise ordered by the court;

(d)    Refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on a pre-petition default;

(e)    Refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow, and taxes) unless notice of such fees and charges has been timely filed pursuant to the applicable Federal Rule of Bankruptcy Procedure and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13 trustee or the Debtor;

(f)    To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are added to the plan, to apply only payments received from the Chapter 13 trustee that are designated as payment of such fees and charges only to such fees and charges; and

(g)    To the extent that any post-confirmation fees or charges are allowed pursuant to the applicable Federal Rule of Bankruptcy Procedure and are NOT added to the plan, to apply only payments received directly from the Debtor and designated as payments of such fees and charges only to such fees and charges.

8.1.9    If the periodic Conduit Mortgage Payment changes due to either changed escrow requirements or a change in a variable interest rate, or if any post-petition fees or expenses are added to the plan, and an increase in the plan payment is required as a result, the Debtor shall thereafter make such increased plan payment as is necessary. Provided, however, that the Conduit Creditor shall have complied with the requirements of the applicable Federal Rule of Bankruptcy Procedure for the allowance of such Conduit Mortgage Payment change or addition of such fees and expenses.  The Chapter 13 trustee shall file notice of the required plan payment increase with the court and serve a copy of the notice on the Debtor.  Service of the notice shall be made on the attorney for the Debtor through CM/ECF.

8.1.10    All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

8.1.11    Standing Stay Modification: The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 13 cases to permit affected secured creditors to contact the Debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the Debtor in writing about any direct payment default and to require affected secured creditors to send statements, payment coupons, or other correspondence to the Debtor that the creditor sends to its non-bankruptcy-debtor customers.  Such actions do not constitute violations of § 362(a).

8.1.12    Proposed Order of Distribution: Unless otherwise specifically ordered by the court, Chapter 13 trustee payments to creditors will be disbursed in the following order of priority:

      (a)    Administrative, including administrative priority, and secured claims to be paid in full; then,

      (b)    Pre-petition priority unsecured claims to be paid in full; then,

      (c)    Nonpriority unsecured claims.

      Note: The base fee for the attorney for the Debtor will be paid pursuant to the procedure established in Local Rule 2016-2.

8.1.13    Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim(s) as proposed in the plan.

8.1.14    The Chapter 13 plan must pay claimants for a minimum of 3 years and a maximum of 5 years, unless claimants are paid in full (100% of claims) or unless otherwise ordered by the court.

8.1.15    If the Debtor is seeking a mortgage modification through the Loan Modification Management Program ("LMM Program"), the Debtor has filed or will file, within the first twelve months following the filing of this case, a Motion for Loan Modification Management (LMM Form 1). Pursuant to the LMM Program, mortgage creditors have twenty-one days from service of such motion to object to participation. During the pendency of the LMM Program, the mortgage creditor shall be entitled to adequate protection payments paid or held in reserve on account of its claim in the amount equal to 80% of the contractual principal and interest payment plus one-twelfth of the annual escrow amounts for property taxes and insurance (including mortgage insurance, if applicable).

8.1.16    For claims treated under Parts 3.2 and 3.3 of the plan, if the creditor had established an escrow account for taxes and/or insurance prior to the petition date, the creditor may continue to treat the account as escrowed and give notice of any escrow advances through the filing of a Notice of Postpetition Fees, Expenses, and Charges (despite the technical inapplicability of Federal Rule of Bankruptcy Procedure 3002.1). This treatment shall be presumed unless otherwise stated in the plan or unless the creditor provides notice in writing to the Debtor, the Debtor's attorney, and the Chapter 13 trustee.

**8.1.17    Other Non-standard Provisions, including Special Terms:**

| Part 9: | Signature(s): |
|---|---|

**9.1 Signatures of Debtor and Debtor's Attorney**

I declare under penalty of perjury that the information provided in this Chapter 13 plan is true and correct as to all matters set forth herein.

_____          _____
Signature of Debtor 1                                        Signature of Debtor 2

Executed on _____          Executed on _____
                        MM / DD / YYYY                                            MM / DD / YYYY

I hereby certify that I have reviewed this document with the Debtor and that the Debtor has received a copy of this document.

                                                                                            Date
_____                      _____
Signature of Attorney for Debtor                                MM / DD / YYYY

**Although this is the local plan for the Western District of North Carolina that includes nonstandard provisions as noted in the plan, the Debtor and the Debtor's attorney certify by filing this document that the wording and order of the provisions in this Chapter 13 plan are substantially similar to those contained in Official Form B 113.**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served each party or counsel of record indicated on the list attached hereto in the foregoing matter with a copy of this Chapter 13 plan by depositing in the United States mail a copy of same in a properly addressed envelope with first class postage thereon. Attorneys were served electronically.

          This the _____ day of _____, 20___.

                                                                _____
                                                                Attorney Name and Address
                                                                N.C. State Bar No.