No. 22-2263

IN THE

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In re: SHEILA ANN TRANTHAM,
*Debtor.*

SHEILA ANN TRANTHAM,
*Appellant,*

– v. –

STEVEN G. TATE, Chapter 13 Trustee,
*Appellee.*

On Appeal from the United States District Court
for the Western District of North Carolina
(No. 1:22-cv-00076-MOC)

**BRIEF OF *AMICI CURIAE* NATIONAL ASSOCIATION OF
CONSUMER BANKRUPTCY ATTORNEYS AND NATIONAL
CONSUMER BANKRUPTCY RIGHTS CENTER IN SUPPORT OF
APPELLANT**

Richard P. Cook
RICHARD P. COOK, PLLC
7036 Wrightsville Avenue, Suite 101
Wilmington, NC 28403
(910) 399-3458
Richard@CapeFearDebtRelief.com
*Counsel for Amici Curiae National Association of Consumer Bankruptcy
Attorneys and National Consumer Bankruptcy Rights Center*

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

The National Association of Consumer Bankruptcy Attorneys is a nonprofit association. It has no parent corporation, and no publicly held company owns a 10% or more interest in NACBA.

The National Consumer Bankruptcy Rights Center is a nonprofit association. It has no parent corporation, and no publicly held company owns a 10% or more interest in NCBRC.

This case arises out of a bankruptcy proceeding, Appellee serves as the duly appointed Trustee of the bankruptcy estate of Sheila Ann Trantham.

There is no creditors' committee.

## RULE 29(a)(2) STATEMENT

Counsel for NACBA/NCBRC has contemporaneously filed a motion seeking leave of this Court to file this brief in support of the Appellant.

# <u>TABLE OF CONTENTS</u>

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................ ii

RULE 29(a)(2) STATEMENT ................................................... ii

TABLE OF AUTHORITIES .................................................... iv

IDENTITY AND INTEREST OF *AMICI CURIAE* ............................... 1

SUMMARY OF ARGUMENT ................................................... 4

ARGUMENT ................................................................. 6

I.    By mandating when property of the estate vests with the debtor, the court below violated 11 U.S.C. §§ 1322(b)(9), 1327(b) ................................................................. 6

    A.  Rulemaking Generally ............................................ 7

    B.  The WDNC local chapter 13 form plan alters several Bankruptcy Code provisions ........................................ 10

II.   By rejecting the debtor's nonstandard plan provisions, the courts below denied the debtor's rights under the Bankruptcy Code and Rules ............................................... 14

    A.  The opinions below also conflict with 11 U.S.C. § 1325(a) and Bankruptcy Rule 3015(c) ...................................... 17

III.  The policy reasoning of the District Court was misplaced ............ 22

CONCLUSION ............................................................. 28

CERTIFICATES OF COMPLIANCE AND SERVICE ........................... 29

iii

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

In re Adams, 734 F.2d 1094 (5th Cir. 1984) ...........................................23

Carroll v. Logan, 735 F.3d 147 (4th Cir. 2013)......................................24

In re Cherry, 963 F.3d 717 (7th Cir. 2020) ...................................5, 14, 15

Diaz v. Viegelahn (In re Diaz), 972 F.3d 713 (5th Cir. 2020)................10

Hamilton v. Lanning, 560 U.S. 505 (2010) .............................................24

In re Heath, 115 F.3d 521 (7th Cir. 1997) ...............................................23

Law v. Siegel, 571 U.S. 415 (2014).........................................................27

LVNV Funding, LLC v. Harling, 852 F.3d 367 (4th Cir. 2017) ............17

In re Moncur, 328 B.R. 183 (B.A.P. 9th Cir. 2005)................................10

Nursery v. Hassid, 141 S. Ct. 2063 (2021)..............................................12

Petro v. Mishler, 276 F.3d 375 (7th Cir. 2002) ......................................20

Santander Consumer USA Inc. v. Donnadio (In re Donnadio),
      608 B.R. 507 (B.A.P. 6th Cir. 2019) ..............................................21

In re Sisk, 962 F.3d 1133 (9th Cir. 2020) .............................6, 16, 17, 20

In re Steenes, 918 F.3d 554 (7th Cir. 2019)......................................14, 15

Telfair v. First Union Mortgage Corp.,
      216 F.3d 1333 (11th Cir. 2000) ......................................................23

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) ..........7

<u>Whaley v. Guillen (In re Guillen)</u>, 972 F.3d 1221 (11th Cir. 2020)........22

**Statutes**

Bankruptcy Code

   11 U.S.C. § 101 et seq..............................................................4
   11 U.S.C. § 109(e)........................................................2, 24
   11 U.S.C. § 301(a)..................................................................6
   11 U.S.C. § 303(a)..................................................................6
   11 U.S.C. § 341......................................................................26
   11 U.S.C. § 362(a)(1)..........................................................25
   11 U.S.C. § 362(a)(2)..........................................................25
   11 U.S.C. § 362(a)(3)......................................................24, 25
   11 U.S.C. § 362(a)(6)..........................................................25
   11 U.S.C. § 362(a)(7)..........................................................25
   11 U.S.C. § 362(a)(8)..........................................................25
   11 U.S.C. § 362(c)(1)..........................................................25
   11 U.S.C. § 362(c)(2)..........................................................25
   11 U.S.C. § 541(a)................................................................24
   11 U.S.C. § 1306(a)(1)........................................................24
   11 U.S.C. § 1306(a)(2)........................................................24
   11 U.S.C. § 1307(b)................................................................7
   11 U.S.C. § 1321........................................................2, 7, 11, 12
   11 U.S.C. § 1322................................................................18, 21
   11 U.S.C. § 1322(b)(9)..........................................4, 6, 11, 12, 15
   11 U.S.C. § 1322(b)(11)........................................4, 6, 12, 15, 16
   11 U.S.C. § 1325................................................................18, 21
   11 U.S.C. § 1325(a)..........................................17, 19, 20, 21, 27
   11 U.S.C. § 1325(a)(1)........................................................20
   11 U.S.C. § 1325(a)(3)........................................................27
   11 U.S.C. § 1325(a)(4)........................................................26
   11 U.S.C. § 1325(b)..............................................................20
   11 U.S.C. § 1325(b)(1)......................................................17, 18
   11 U.S.C. § 1325(b)(4)(A)(i)................................................18
   11 U.S.C. § 1325(b)(4)(A)(ii)..............................................18
   11 U.S.C. § 1327(a)..........................................................6, 26
   11 U.S.C. § 1327(b)..........................4, 5, 6, 12, 13, 14, 23
   11 U.S.C. § 1327(c)..........................................................6, 12, 25

28 U.S.C. § 2071(a) ...................................................................... 7

28 U.S.C. § 2072 ......................................................................... 8

28 U.S.C. § 2075 ............................................................. 8, 10, 12

**Rules**

Fed. R. App. P. 26.1 .....................................................................ii

Fed. R. App. P. 29(a)(2) ...............................................................ii

Fed. R. App. P. 29(c)(5) ............................................................... 1

Fed. R. Bankr. P. 2004 ............................................................... 27

Fed. R. Bankr. P. 3015(c) ...........................4, 9, 17, 19, 21, 22, 23

Fed. R. Bankr. P. 3015.1 .................................... 4, 7, 8, 9, 21

Fed. R. Bankr. P. 3015.1(c)(1) ................................................... 22

Fed. R. Bankr. P. 3015.1(e) .............................................. 22, 23

Fed. R. Bankr. P. 9029 ......................................................... 8, 23

Fed. R. Bankr. P. 9029(a) ............................................................ 8

Fed. R. Bankr. P. 9029(a)(1) ....................................................... 8

Fed. R. Civ. P. 83(a)(1) .............................................................. 8

**Other Authorities**

Advisory Committee Note to Rule 3015.1 .......................... 9, 21

9 Collier on Bankruptcy ¶ 3015.1.01
    (Richard Levin and Henry J. Sommer eds. 16th ed.) ..................... 9

9 <u>Collier on Bankruptcy</u> ¶ 3015.1.04
   (Richard Levin and Henry J. Sommer eds. 16th ed.) ..................... 15

Ronald J. Mann, <u>Bankruptcy and the U.S. Supreme Court</u> (2017) ......... 2

U.S. Constitution Article I, § 8, cl. 4 ....................................................... 2

"Vest," <u>Black's Law Dictionary</u>, p. 1557 (7th ed. 1999) .......................... 12

## <u>IDENTITY AND INTEREST OF *AMICI CURIAE*[1]</u>

NACBA is a nonprofit organization of approximately 3,000 consumer bankruptcy attorneys nationwide. NACBA advocates nationally on issues that cannot adequately be addressed by individual member attorneys. It is the only national association of attorneys organized for the specific purpose of protecting the rights of consumer bankruptcy debtors.

NCBRC is a nonprofit organization dedicated to preserving the bankruptcy rights of consumer debtors and protecting the bankruptcy system's integrity. The Bankruptcy Code grants financially distressed debtors rights that are critical to the bankruptcy system's operation. Yet consumer debtors with limited financial resources and minimal exposure to that system often are ill-equipped to protect their rights in the appellate process.

NACBA and NCBRC regularly file[2] *amicus curiae* briefs in systemically important cases to ensure that courts have a full

---

[1] Pursuant to Fed. R. App. P. 29(c)(5), no counsel for any party authored this brief in whole or in part, and no person or entity other than NACBA and NCBRC, its members, and its counsel made any monetary contribution toward the preparation or submission of this brief.
[2] When referencing *amicus curiae* briefs that contribute citations to U.S. Supreme Court opinions in bankruptcy cases, it has been noted that, "The contribution of the

1

understanding of the applicable bankruptcy law, the case, and its implications for consumer debtors. NACBA, NCBRC, and their respective memberships have a vital interest in the outcome of this case.

Only consumers can file for Chapter 13 protection. See, 11 U.S.C. § 109(e). Every Chapter 13 debtor—and only the debtor—must file a plan to help repay their creditors. 11 U.S.C. § 1321. As discussed below, the Bankruptcy Code gives debtors great flexibility in crafting their plans, provided that certain requirements are met. One would think that with the Bankruptcy Clause of the Constitution[3] requiring bankruptcy laws to be uniform, the Chapter 13 plans across the country would have the same basic framework. This is not the case. The Federal Rules of Bankruptcy Procedure permit bankruptcy courts to adopt local form Chapter 13 plans but, importantly, they also allow debtors to deviate from those local form plans, provided clear notice of the deviations is given. In the nine judicial districts that encompass the Fourth Circuit, three districts (District of

---

NACBA briefs is not surprising. Aside from the Solicitor General, the NACBA is the most common single amicus to appear in these cases…" See, Ronald J. Mann, Bankruptcy and the U.S. Supreme Court, p. 213, n. 6 (2017).
[3] U.S. Const., art. 1, § 8, cl. 4.

South Carolina,[4] Eastern District of North Carolina,[5] and Western District of Virginia[6]) have local form plans that provide for a debtor to select when property of the estate vests. The six other districts, through their local Chapter 13 form plans, provide that property of the estate vests upon: (a) confirmation (Eastern District of Virginia[7]); (b) entry of the discharge order (Middle District of North Carolina,[8] District of Maryland,[9] Northern[10] and Southern[11] Districts of West Virginia); or, (c) when the bankruptcy case is closed (Western District of North Carolina[12]—the plan at issue in this case). This variety is highlighted by the fact that Official Bankruptcy Form 113, the National Chapter 13

---

[4] https://www.scb.uscourts.gov/lrforms/Chapter_13_plan_May2022.pdf, p. 7, Part 7, ¶ 7.1.

[5] https://www.nceb.uscourts.gov/sites/nceb/files/Chapter%2013%20Plan-Rev3%2012-1-2022.pdf, p. 8, Part 7, ¶ 7.1.

[6] The Western District of Virginia has not adopted a local form plan; it utilizes the National Chapter 13 Form Plan, see footnote 12.

[7] https://www.vaeb.uscourts.gov/sites/vaeb/files/ch13pln.pdf, p. 7, ¶ 10.

[8] https://www.ncmb.uscourts.gov/sites/default/files/forms/Chapter%2013%20Plan%20effective%201-1-2020.pdf, p. 7, § 8, ¶ 8.1(f) (this provision additionally states that it is "notwithstanding 11 U.S.C. § 1327(b)").

[9] https://www.mdb.uscourts.gov/files/LBF-M-1217.pdf, p. 8, ¶ 8.

[10] https://www.wvnb.uscourts.gov/sites/wvnb/files/forms/Chapter%2013%20Model%20Plan-b%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%20%282%29.pdf, p. 8, Part 7, ¶ 7.1.

[11] https://www.wvsb.uscourts.gov/sites/wvsb/files/forms/chapter13plan.pdf, p. 8, Part 7, ¶ 7.1.

[12] https://www.ncwb.uscourts.gov/sites/ncwb/files/forms/Local%20Form%204%20Sept%202021.pdf, p. 11, Part 7, ¶ 7.1.

Form Plan[13] allows for Chapter 13 debtors to select when they get title to their property back. For a Chapter 13 debtor, in most of the districts within the Fourth Circuit, to have their Chapter 13 plan provide for property of the estate to vest at confirmation, that debtor would have to use a nonstandard provision in their plan (a practice allowed under § 1322(b)(11) and Bankruptcy Rules 3015(c) and 3015.1).

Respectfully, NACBA and NCBRC submit that their membership has an interest in the issue at the heart of this case—whether Chapter 13 debtors have the right to propose nonstandard plan provisions that comply with the Code. This issue directly implicates consumers' rights and abilities.

## SUMMARY OF ARGUMENT

a.     Local bankruptcy rules and forms must adhere to and comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court below, by mandating when a debtor regains title to their property and refusing to allow deviation from a local form plan, violated §§ 1322(b)(9) and 1327(b)[14] of the Bankruptcy Code,

---

[13] https://www.uscourts.gov/sites/default/files/b_113_1217_0.pdf, p. 7, Part 7, ¶ 7.1.

[14] Except within formal citations, references to the Bankruptcy Code, 11 U.S.C. § 101 et seq., will be made by section number.

4

the Federal Rule of Bankruptcy Procedure, and the Rules Enabling Act. This prohibition of altering the local form, a practice upheld by the courts below, abridges and restricts consumer debtors from exercising statutory rights afforded them by Congress. Property rights, including receiving title to property, are of vital interest to all Americans, and having those rights constricted and delayed grant the debtor requisite standing for this appeal.

b.    The issues in this appeal have been dealt with by the Seventh Circuit in In re Cherry, 963 F.3d 717 (7th Cir. 2020). In Cherry, the Seventh Circuit held the language of § 1327(b) means that the vesting of estate property occurs at confirmation, by default. It held that this default may be altered, and property may vest at a time other than confirmation, but the court can permit it "only after finding good case-specific reasons for that action." Id. at 720.

Amici are not advocating that Cherry be followed in total. Congress and the Supreme Court (through the Bankruptcy Rules) have afforded Chapter 13 debtors the ability to propose plan terms that comply with

the Code. This "considerable discretion"[15] includes a debtor deciding

when property of the estate vests, and any other nonstandard provision

that complies with the Bankruptcy Code.

     c.    Vesting at confirmation is not an event to be circumvented.

Congress has already foreseen the effects of vesting at confirmation

through the Bankruptcy Code. Property vesting at confirmation remains

protected by the automatic stay. The disposition of property after it has

vested is of no consequence as creditors are already bound by the

confirmed plan, § 1327(a), and creditors no longer have any claim to

property that has vested as such property is "free and clear of any claim

or interest of any creditor provided for by the plan." 11 U.S.C. § 1327(c).

## ARGUMENT

**I.**    **By mandating when property of the estate vests with the debtor, the courts below violated 11 U.S.C. §§ 1322(b)(9), 1327(b)**

    Filing for chapter 13 is completely voluntary. 11 U.S.C. § 301(a); cf.

§ 303(a) (involuntary petition can only be filed under Chapters 7 and 11).

---

[15] See, In re Sisk, 962 F.3d 1133, 1145 (9th Cir. 2020) ("The Code expressly allows debtors to include any other appropriate provision not inconsistent with Chapter 13 in their plans, § 1322(b)(11). So, barring a clear prohibition in the Code, debtors have considerable discretion to tailor the terms of a plan to their individual circumstances.") (citation and quotations omitted).

Only the debtor can propose a plan, § 1321, and the debtor can dismiss their case at any time, § 1307(b). The court does not propose a plan and a form cannot abridge the debtor's substantive rights under the Code. These restrictions did not change with the local form plan requirement introduced in 2017 through Bankruptcy Rule 3015.1. That requirement was promulgated after the Supreme Court's decision in <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260 (2010), which held that the bankruptcy court is to review all plans, to make it easy for the court to review plans by having a standard format and highlighting nonstandard provisions. But the rules permitting nonstandard provisions made clear that the form plan requirement was not intended to restrict debtors' rights to deviate from the form plan and propose other provisions that comply with the Code.

### A.   Rulemaking Generally

Congress has empowered the Supreme Court and "all courts established by Act of Congress" with the ability to "prescribe rules for the conduct of their business." 28 U.S.C. § 2071(a). This rulemaking authority is not unlimited, however, "Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under

section 2072 of this title." Id. Section 2072 of title 28 provides the Supreme Court with the authority to make rules for the district courts, and 28 U.S.C. § 2075 gives the Supreme Court that same authority over the bankruptcy courts, but is even more clear in providing that "[s]uch rules shall not abridge, enlarge, or modify any substantive right."

The Supreme Court promulgated Rule 9029(a) of the Federal Rules of Bankruptcy Procedure to help allow bankruptcy courts to create local bankruptcy rules. In this rule, the Supreme Court states that local rules must be "consistent with… Acts of Congress." Fed. R. Bankr. Pro. 9029(a)(1). Rule 9029 provides that local rules cannot prohibit or restrict the use of the Official Bankruptcy Forms. Rule 9029 follows from Rule 83 of the Federal Rules of Civil Procedure; this rule also requires that local rules be consistent with "rules adopted under 28 U.S.C. §§ 2072 and 2075." Fed. R. Civ. Pro. 83(a)(1).

A limited exception to Rule 9029 was created by Bankruptcy Rule 3015.1, adopted by the Supreme Court in 2017. Under Rule 3015.1, "Notwithstanding Rule 9029(a)(1), a district may require that a Local Form for a plan filed in a chapter 13 case be used instead of an Official Form." Fed. R. Bankr. Pro. 3015.1. This "notwithstanding" provision in

Rule 3015.1 does not relieve a local form plan from following the Bankruptcy Code and Bankruptcy Rules. See, 9 Collier on Bankruptcy ¶ 3015.1.01 (Richard Levin and Henry J. Sommer eds. 16th ed.).

Whether using the National Plan, or a local form plan, each form must allow for the inclusion of nonstandard provisions. Nonstandard provisions in a Chapter 13 plan, like the one at issue in this case, are contemplated by the Bankruptcy Rules. According to the Advisory Committee Note to Rule 3015.1, "The last paragraph of a Local Form must be for the inclusion of any nonstandard provisions, as defined by Rule 3015(c), and must include a statement that nonstandard provisions placed elsewhere in the plan are void. This part gives the debtor the opportunity to propose provisions that are not otherwise in, *or that deviate from, the Local Form*." (emphasis added).

In other words, a nonstandard provision can be used by a debtor to, among other things, deviate or modify the existing language of a local form plan. This understanding that a nonstandard provision can alter existing language in a form plan is buttressed by Bankruptcy Rule 3015(c), "As used in this rule and the Official Form or a Local Form,

'nonstandard provision' means a provision not otherwise included in the Official or Local Form or deviating from it."

Courts have found that under 28 U.S.C. § 2075, "the provisions in a local chapter 13 plan must be procedural, not substantive." Diaz v. Viegelahn (In re Diaz), 972 F.3d 713, 719 (5th Cir. 2020); see also, In re Moncur, 328 B.R. 183, 192 (B.A.P. 9th Cir. 2005) ("it is inappropriate, hence impermissible, for a local alteration in an Official Form to have the effect of varying the terms of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure.") (quotation and citations omitted).

## B.    The WDNC local chapter 13 form plan alters several Bankruptcy Code provisions

While the WDNC form plan itself does not violate the Bankruptcy Code and Rules, the courts below preventing Ms. Trantham from modifying the provisions of the local plan have effectively deprived her of several rights under the Code. The mandated vesting provision in the WDNC form plan[16] has the effect of modifying multiple sections of the Bankruptcy Code. For starters, only a Chapter 13 debtor can draft and

---

[16] The exact language of the vesting provision at issue is, "All property of the Debtor remains vested in the estate and will vest in the Debtor upon entry of the final decree." U.S. Bankruptcy Court for the Western Dist. of N.C., Local Form 4, p. 11, Part 7, ¶ 7.1.

10

file a plan. 11 U.S.C. § 1321. As part of that plan drafting, the debtor has the option of selecting when property of the estate vests, and with what party that property does vest. 11 U.S.C. § 1322(b)(9). Verbatim, the language of § 1322(b)(9) reads:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>     (9) provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity.

Yet, by mandating no deviation from the terms of the WDNC form plan, the court has already selected when vesting occurs (final decree—the closing of the case), and in what party that property vests in (the debtor). The debtor does not have the choice of when, and to what party, vesting occurs. Using the language of the local plan, § 1322(b)(9) would now be read as:

> (b) Subject to subsections (a) and (c) of this section, the plan ~~may~~ must—
>     (9) provide for the vesting of property of the estate, ~~on confirmation of the plan or at a later time~~ upon entry of the final decree, in the debtor ~~or in any other entity~~.

This required modification of § 1322(b)(9) by allowing no deviation from the local form plan clearly "abridges" and "modifies" a debtor's

substantive right[17] to select when they receive title to their property; a clear violation of the Bankruptcy Rules Enabling Act of 28 U.S.C. § 2075.

Also, through the bankruptcy court mandating when vesting, and to whom, vesting occurs, it removes a debtor's discretion in creating a Chapter 13 plan. Upholding such a practice by the bankruptcy court would alter § 1321 to read:

"With terms provided by the court, the debtor shall file a plan."

Similarly, the courts below preventing the use of a nonstandard provision that directly complied with §§ 1322(b)(9), (b)(11), and 1327(b), has effectively rewritten § 1322(b)(11) to read:

---

[17] The legal term "vest" is defined as: (1) To confer ownership of (property) upon a person. (2) To invest (a person) with the full title to property. (3) To give (a person) an immediate, fixed right of present or future enjoyment. "Vest," <u>Black's Law Dictionary</u>, p. 1557 (7th ed. 1999).

Property rights, including title to property, are of fundamental importance to all Americans. <u>Cf.</u>, <u>Nursery v. Hassid</u>, 141 S. Ct. 2063, 2071 (2021) ("protection of property rights is necessary to preserve freedom and empowers persons to shape and to plan their own destiny in a world where governments are always eager to do so for them.") (citation and quotations omitted). Vesting in bankruptcy has significant implications for property rights. In addition to a debtor receiving title to property, that property they are receiving is "free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C. § 1327(c).

Because property rights are at stake in this appeal, the district court below erred in finding Ms. Trantham had not suffered an injury sufficient to provide her standing to appeal. J.A. 109-110.

The plan may "(11) include any other appropriate provision not inconsistent with ~~this title~~ local historical practice.

Local bankruptcy courts should not be in the business of removing the debtor's statutorily provided discretion to draft a Chapter 13 plan.

Lastly, with the bankruptcy court below mandating that vesting only occur at final decree, this directive also nullifies portions of § 1327(b). This section reads:

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

11 U.S.C. § 1327(b).

However, if restricting vesting to only occur when a case closes, § 1327(b) would read:

> ~~Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan~~ The entry of the final decree vests all of the property of the estate in the debtor.

Because—according to the courts below—property of the estate can never vest at confirmation, § 1327(b) cannot have the optionality intended by Congress. Such a rewrite of the statute is impermissible.

**II.   By rejecting the debtor's nonstandard plan provisions, the courts below denied the debtor's rights under the Bankruptcy Code and Rules**

According to the bankruptcy court below, for a Chapter 13 debtor to be able to choose vesting at confirmation, that debtor must explain why they need title to their property at confirmation. J.A. 97. This holding is the exact opposite of the holdings of the Seventh Circuit in In re Cherry, 963 F.3d 717 (7th Cir. 2020), and In re Steenes, 918 F.3d 554 (7th Cir. 2019) ("Steenes I").

The panel in Cherry held that, "A bankruptcy court may confirm a plan that holds property in the estate only after finding good case-specific reasons for that action." Id. at 720. This holding in Cherry was based upon an interpretation of § 1327(b) that creates a presumption that property of the estate vests at confirmation. See, 11 U.S.C. § 1327(b) ("Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."). To deviate from that presumption and have vesting occur at a date beyond confirmation, according to the court in Cherry, the bankruptcy court must enter "[a] case-specific order, supported by good case-specific reasons, [this] would be consistent with § 1327(b)." Id. at 718

14

(citing In re Steenes, 918 F.3d 554, 558 (7th Cir. 2019)). If this Court follows the bankruptcy court below, it will support the opposite of the presumption found in Steenes I and Cherry of when vesting *should* occur, and what must be done to alter that presumption.

However, *Amici* are not advocating for this court to follow Cherry. A Chapter 13 debtor has discretion under section 1322(b)(9) to choose whether property of the estate vests at confirmation; no evidence justifying this selection needs to be presented. In addition, the debtor has the right under § 1322(b)(11) to include any appropriate provision not inconsistent with the Bankruptcy Code. See e.g., 9 Collier on Bankruptcy ¶ 3015.1.04 (Richard Levin and Henry J. Sommer eds. 16th ed.):

> The only limitation on the debtor's authority to include nonstandard provisions that supplement or alter the provisions of the plan form is that the nonstandard provisions must be consistent with the statutory confirmation requirements. Courts may not deny confirmation simply because the provisions of the plan form have been modified. In evaluating a nonstandard provision, there should be no presumption against altering a provision of the plan form or that a form provision is more appropriate than a nonstandard provision. The court's sole function is to determine whether the provisions are consistent with the Code. However, the right to substitute nonstandard provisions does not go so far as to permit the debtor to totally replace the standard form plan with another plan.

Prohibiting a Chapter 13 debtor from using a nonstandard provision to modify a local form also runs counter to the holding of the Ninth Circuit in <u>In re Sisk</u>, 962 F.3d 1133 (9th Cir. 2020). In <u>Sisk</u>, the Chapter 13 debtors altered the local form plan to modify the length of the plan (from a fixed to an estimated term), and also proposed dividend amount to creditors. <u>Id</u>. at 1139-1140. The bankruptcy court, in <u>Sisk</u>, without an objection from the trustee or other party, *sua sponte* denied confirmation of the plans. In denying confirmation, the bankruptcy court noted that these proposed modifications complied with a prior local form plan, however, in not specifying a plan term duration, the current plans were proposed in bad faith. <u>Id</u>. at 1140. This finding of bad faith was upheld by the bankruptcy appellate panel. <u>Id</u>. at1140-1141.

In reversing the courts below, the Ninth Circuit in <u>Sisk</u> initially found that,

> The Code expressly allows debtors to include any other appropriate provision not inconsistent with Chapter 13 in their plans, § 1322(b)(11). So, barring a clear prohibition in the Code, debtors have considerable discretion to tailor the terms of a plan to their individual circumstances.

<u>Id</u>. at 1145 (citation and quotations omitted). As to the "good faith" analysis, the panel in Sisk noted: "debtors are not acting in bad faith

16

merely for doing what the Code permits them to do." <u>Id</u>. at 1150. Because the Bankruptcy Code did not prohibit the nonstandard provisions proposed by the debtors, the Court in <u>Sisk</u> reversed the lower courts. Id. at 1148.

<u>Sisk</u> provides an analogous situation to this case. In both cases, the debtors proposed a Chapter 13 plan that altered the local form plan. Similarly, both sets of nonstandard plan provisions did not conflict with the Bankruptcy Code. Because the Bankruptcy Code does not prohibit such nonstandard provisions, just like in <u>Sisk</u>, Ms. Trantham should have her preferred Chapter 13 plan confirmed.

## A.    The opinions below also conflict with 11 U.S.C. § 1325(a) and Bankruptcy Rule 3015(c)

When a plan complies with § 1325(a), it must be confirmed. <u>See</u>, <u>LVNV Funding, LLC v. Harling</u>, 852 F.3d 367, 371-372 (4th Cir. 2017). When the trustee, or an unsecured creditor, objects to a plan being confirmed,

> [T]hen the court may not approve the plan unless, as of the effective date of the plan—
>
>> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). In other words, when a trustee objects to a plan, in order to overcome such an objection, the plan must either: (1) pay allowed unsecured claims 100% of the amount they are owed; or (2) pay all of the debtor's projected disposable income into the plan for 3 years (if the debtor's income is below the median-income level, § 1325(b)(4)(A)(i)), or 5 years (if the debtor's income is above the median-income level, § 1325(b)(4)(A)(ii)).

In this case, the Trustee did object to confirmation. The basis of his objection was, "due to the Debtor's changes to the plan form which contradicts the plan form language." J.A. 64. As to why this change in the form language was objectionable,

The long standing policy of this Court is that property vests in the estate until the final decree in the case. Therefore, the undersigned objects to any plan provision that vests property of the estate in the debtor upon confirmation.

Id.

Nowhere in this objection did the Trustee state the plan of the Debtor violated any provisions of § 1322, § 1325 or any other provision of

18

the Code. Additionally, the objection did not state the Debtor was not dedicating all of her "projected disposable income" toward her plan payments.

Despite the objection to confirmation not being grounded in the Bankruptcy Code, the bankruptcy court below refused to confirm the Debtor's plan as she, "provides no explanation supporting her choice to vest property of the estate at confirmation and has not demonstrated why the Local Form should be changed in this case." J.A. 72. This opinion of the bankruptcy court failing to confirm the Chapter 13 plan of the Debtor runs directly counter to 11 U.S.C. § 1325(a) and Bankruptcy Rule 3015(c).

Section 1325(a) of the Bankruptcy Code states, in the parts relevant to this case,

> (a) Except as provided in subsection (b), the court ***shall*** confirm a plan if—
> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;
> ***
> (3) the plan has been proposed in good faith and not by any means forbidden by law;

11 U.S.C. § 1325(a) (emphasis added).

Neither the district court, bankruptcy court, nor the Trustee, found or argued that the plan did not comply with the provisions of the

19

Bankruptcy Code (compliance with the Code is a requirement for confirmation under Section 1325(a)(1)). Additionally, neither the district court, bankruptcy court nor the Trustee found or alleged the plan was filed in bad faith,[18] or "forbidden by law." Barring an objection under Sections 1325(a) or (b), the Seventh Circuit has found that a plan must be confirmed. <u>See</u>, <u>Petro v. Mishler</u>, 276 F.3d 375, 378 (7th Cir. 2002) ("[Trustee] could have objected under sections 1325(a) or (b). However, he took no such step. Therefore, [ ] the [debtors'] plan met the requirements of section 1325(a)."). Because the Trustee, in this case, failed to object under either §§ 1325(a) or (b), and both courts below did not find the plan violated any provision of either §§ 1325(a) or (b), the initial plan of Ms. Trantham, J.A. 58-63, should have been confirmed.

Even if an objection under either Section 1325(a) or (b) was properly lodged, the plan of Ms. Trantham still complied with all relevant parts of the Bankruptcy Code and Bankruptcy Rules. The heart of the objection by the lower courts and Trustee is that the debtor altered the local form plan. Somehow, this practice of altering the form plan with a non-

---

[18] A Chapter 13 plan, even with nonstandard provisions, that complies with the Bankruptcy Code is not filed in bad faith. <u>See</u> <u>e.g.</u>, <u>In re Sisk</u>, 962 F.3d at 1150.

standard provision is prohibited. The courts below and Trustee are wrong; such a prohibition does not exist. Altering a local plan provision through a nonstandard provision is specifically allowed by the Bankruptcy Rules.

Bankruptcy Rule 3015(c) recognizes that a nonstandard provision can be used to "deviate" from the local form plan. According to the Advisory Committee Note to Rule 3015.1, "nonstandard provisions, as defined by Rule 3015(c)… give[ ] the debtor the opportunity to propose provisions that are not otherwise in, *or that deviate from, the Local Form*." (emphasis added). The Bankruptcy Rules specifically contemplate that a form Chapter 13 plan may be altered through a non-standard provision, provided that non-standard provision complies with the Code. See e.g., Santander Consumer USA Inc. v. Donnadio (In re Donnadio), 608 B.R. 507, 514 (B.A.P. 6th Cir. 2019). Holding otherwise, as the courts below did here, is erroneous.

No party contends that Ms. Trantham's plan violated any part of §§ 1322 or 1325. As this plan complied with the relevant provisions of the Bankruptcy Code and Rules, § 1325(a) required the plan to be confirmed.

## III.   The policy reasoning of the District Court was misplaced

As an initial matter, public policy concerns cannot overcome the plain language of the Bankruptcy Code. See e.g., Whaley v. Guillen (In re Guillen), 972 F.3d 1221, 1228 (11th Cir. 2020) ("For one, these general policy concerns cannot overcome the plain language of the statute.") (citation omitted). Notwithstanding that directive, the policy considerations of the district court were misplaced as that court misinterprets several parts of the Bankruptcy Code and Rules.

a.   One of the concerns held by the district court is that adding nonstandard provisions will "impede efficient review and administration of chapter 13 plans." J.A. 104. This "impediment" somehow exists even though nonstandard provisions are clearly allowed by the Federal Rules of Bankruptcy Procedure. See, Fed. R. Bankr. Pro. 3015(c), 3015.1(e). Moreover, when a debtor uses a nonstandard provision in a local form plan, it must be noted in the *very first paragraph* of the plan for it to be valid. See, Fed. R. Bankr. Pro. 3015.1(c)(1). Non-standard provisions are immediately brought to the attention of the party reading the plan. Such an objection on efficiency grounds is contrary to the Bankruptcy Rules.

Also, preventing the use of nonstandard provisions runs contrary to the language of Bankruptcy Rules 3015(c) and 3015.1(e). A bankruptcy court, through use of their local form plan, cannot impede the operation of the Federal Bankruptcy Rules. <u>See</u>, Fed. R. Bank. Pro. 9029; <u>In re Adams</u>, 734 F.2d 1094, 1099 (5th Cir. 1984) ("a local rule cannot be inconsistent with the Rules of Bankruptcy Procedure.").

b.    The district court was also worried that with vesting at confirmation, as fully contemplated by Section 1327(b), several provisions of Chapter 13 would become meaningless. J.A. 107, n. 8. According to the district court, if property vests with the debtor at confirmation, "then there is no property with which the trustee can administer the estate." <u>Id</u>. Such fears can be allayed as they are not true.

Fortunately, a bankruptcy estate does still exist when property vests with the debtor at confirmation. Any property that the debtor proposes to use to carry out the plan remains property of the estate. <u>See e.g.</u>, <u>Telfair v. First Union Mortgage Corp.</u>, 216 F.3d 1333, 1340 (11th Cir. 2000); <u>In re Heath</u>, 115 F.3d 521, 524 (7th Cir. 1997) ("the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan."). Usually, a chapter 13

23

estate is funded by the "regular income" of a debtor, <u>see</u>, 11 U.S.C. §
109(e), and is comprised of the debtor's wages for this purpose. 11 U.S.C.
§ 1306(a)(2); <u>cf.</u>, <u>Hamilton v. Lanning</u>, 560 U.S. 505, 508 (2010). With
these wages and other property devoted to the plan remaining property
of the estate, no creditor can attach such property without relief from the
automatic stay. <u>See</u>, 11 U.S.C. 362(a)(3).

The future income or future property of a debtor cannot vest at
confirmation as such a property right is not in existence at confirmation.
<u>See</u>, 11 U.S.C. § 541(a) (estate is comprised of "all legal or equitable
interests of the debtor in property *as of the commencement of the case*");
<u>see</u> <u>also</u>, 11 U.S.C. § 1306(a)(1) (post-petition property becomes property
of the estate when "acquire[d]" by the debtor). Vesting is the transferring
of title to property. With a debtor not earning their future income yet,
these unearned wages cannot transfer at confirmation. This is precisely
why vesting at confirmation does not conflict with this Court's holding in
<u>Carroll v. Logan</u>, 735 F.3d 147 (4th Cir. 2013). In <u>Carroll</u>, the Chapter 13
plan of the debtors was confirmed in August 2009. Their right to receive
an inheritance accrued in December 2011 with the passing of Mr.
Carroll's mother. A right that is not in existence cannot vest with the

debtor; this is precisely why a post-confirmation inheritance becomes property of the bankruptcy estate.

c.     The district court, and Trustee, are also concerned that with vesting at confirmation, the automatic stay terminates as to the property that vested in the debtor. This is also not true. While one automatic stay provision, § 362(a)(3), does terminate at confirmation, <u>see</u>, § 362(c)(1); property of the debtor (the property of the estate that now vested with the debtor), is still protected by the automatic stay provision of § 362(a)(6) (stay applies to all property of the debtor) until the case is closed or dismissed). <u>See</u>, 11 U.S.C. § 362(c)(2) (automatic stay provisions of §§ 362(a)(1), (2), (6), (7), and (8), all of which serve to protect property of the debtor, remain in effect upon confirmation). Moreover, under Section 1327(c) this property that vested in the debtor is "free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C. § 1327(c). Prepetition creditors of the bankruptcy estate cannot attach property of the debtor, even once vesting occurs. While it is true that property that vests in the debtor may be pursued by postpetition creditors, there are many reasons why a debtor may prefer to take that

risk in exchange for the property, which is not necessary for performance of the plan, vesting at confirmation.

d.    Lastly, the district court was concerned with provisions of local rules that restrict the ability of debtors to sell property of the estate. J.A. 106. According to the courts below, by allowing vesting with the debtor at confirmation, the court would lose needed oversight over certain property. Such a concern is misplaced. For one, such a rule that restricts (or requires court approval) a debtor selling property still applies before a plan is confirmed. Conversely, oversight is not needed once a plan is confirmed. Creditors have a right to the amount of money they will be receiving through the confirmed plan. See, 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor."). A debtor selling property, post-confirmation and vested with the debtor, cannot alter the rights of creditors that are provided by the confirmed plan.

If a party in interest, including the trustee, is worried about property being worth more than what is scheduled by the debtor, they have pre-confirmation remedies to address this issue. They can: (1) ask the debtor under oath about the property at the § 341 meeting of

creditors; (2) object to confirmation on the basis that creditors are not receiving what they would in a Chapter 7 case (under § 1325(a)(4)); (3) object to confirmation on the basis that the plan was filed in bad faith (under § 1325(a)(3)); or, (4) obtain a court order allowing them to value and inspect the property (Bankruptcy Rule 2004).

A Chapter 13 debtor who files a plan that complies with the Bankruptcy Code and Bankruptcy Rules *shall* (pursuant to § 1325(a)) have their plan confirmed. The Bankruptcy Code and Federal Rules of Bankruptcy Procedure should be applied as written; long-standing district-wide practice should have nothing to do with such an outcome. Cf., Law v. Siegel, 571 U.S. 415, 421 (2014) ("in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions.").

27

## <u>CONCLUSION</u>

For these reasons, *Amici Curiae* respectfully request that the Order and Judgment of the district court be REVERSED, and this case be remanded to the Bankruptcy Court to act on the debtor's initial proposed plan in accordance with this Court's order.

Respectfully submitted, this the 28th day of February, 2023.

/s/ Richard P. Cook
Richard P. Cook
RICHARD P. COOK, PLLC
7036 Wrightsville Ave, Suite 101
Wilmington, NC 28403
(910) 399-3458
Richard@CapeFearDebtRelief.com
*Counsel for Amici Curiae National Association of Consumer Bankruptcy Attorneys and National Consumer Bankruptcy Rights Center*

28

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing Brief complies with the type-volume limitation of Fed. R. App. P. Rule 29(a)(5) because this brief contains 5,786 words, excluding the portions thereof exempted by Fed. R. App. P. 32(f); and,

I certify that the foregoing Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook.

## **CERTIFICATE OF SERVICE**

I certify that on February 28, 2023 the foregoing document was served on all parties or their counsel of record through the CM/ECF system:

R. Todd Mosley
Mosley Law Firm, P.C.
*Counsel for Appellant*

Bonnie Keith Green
The Green Firm, PLLC
*Counsel for Appellee*

/s/ Richard P. Cook
Richard P. Cook
RICHARD P. COOK, PLLC
7036 Wrightsville Ave, Suite 101
Wilmington, NC 28403
*Counsel for Amici Curiae National Association of Consumer Bankruptcy Attorneys and National Consumer Bankruptcy Rights Center*

29