**RECORD NO. 22-2263**

In The

# United States Court of Appeals

For The Fourth Circuit

## Sheila Ann Trantham,

*Plaintiff – Appellant,*

v.

## Steven G. Tate,

*Defendant – Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE

---

**REPLY BRIEF OF APPELLANT**

---

R. Todd Mosley
MOSLEY LAW FIRM, P.C.
PO Box 16587
Asheville, NC 28816
(828) 412-8700
todd@mosleyfirm.com

*Counsel for Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

ARGUMENT ........................................................................................................ 1

I.     MS. TRANTHAM HAS PRUDENTIAL STANDING. ........................................ 1

II.    MS. TRANTHAM IS A "PERSON AGGRIEVED". ......................................... 1

    A. THE BANKRUPTCY COURT'S ORDER DIMINISHED MS. TRANTHAM'S PROPERTY. ................................................................................................. 2

    B. THE TRUSTEE CONCEDES MS. TRANTHAM'S PROCEDURAL BURDENS WERE INCREASED. ........................................................................................ 3

    C. THIS COURT MUST ADDRESS THE MERITS OF THE CASE TO DETERMINE WHETHER MS. TRANTHAM'S RIGHTS WERE DETRIMENTALLY AFFECTED. 3

    D. THE TRUSTEE'S ALTERNATIVES FAIL. ............................................... 4

III.   LVNV FUNDING V. HARLING IS PRECEDENT AND IS CONTROLLING ...... 6

IV.   MAKING PORTIONS OF §1327 (B) UNAVAILABLE TO A DEBTOR IS NOT CONSISTENT WITH A BANKRUPTCY COURT'S RULEMAKING AUTHORITY .......... 9

V.    SECTION 1327(B) DOES NOT AUTHORIZE A BANKRUPTCY COURT TO MANDATE REVESTING AT A LATER TIME ..................................................... 11

Conclusion ................................................................................................... 14

Certificate of Compliance ................................................................... 15

Certificate of Service ........................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

Black v. United States Postal Service (*In re Heath)*, 115 F.3d 521 (7th Cir. 1997) .................................................................................... 13, 14

*Butala v. Logan (In re Butala)*, No. 5:18-CV-376-FL, 2019 U.S. Dist. LEXIS 27250 (E.D.N.C. Feb. 21, 2019) .................................................. 5

*Cal. Franchise Bd. v. Kendall (In re Jones)*, 657 F.3d 921 (9th Cir. 2011) ................................................................................................................. 13

*Copley v. United States*, 959 F.3d 118 (4th Cir. 2020) ............................. 12

*In re Cherry*, 963 F.3d 717 (7th Cir. 2020) ............................................... 13

*In re Diaz*, 972 F. 3d 713 (5th Cir. 2020) ........................................... 10, 11

*Lexmark Int'l, Inc. v. Static Control Components*, 572 U.S. 118 (2014) ... 1

*Litton Loan Servicing, L.P. v. Schubert (In Re Schubert)*, 2023 U.S. App. LEXIS 7432 at *6-8 (March 28, 2023) .................................................... 1

LVNV Funding v. Harling, 852 F.3d 367 (4th Cir. 2017) ........... 6, 7, 8, 14

*Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983) ............................. 2

*Payne v. Taslimi*, 998 F.3d 648 (4th Cir. 2021) ......................................... 7

*Petro v. Mishler*, 276 F.3d 375 (7th Circ. 2002) .................................... 8, 9

*Schwab v. Reilly*, 560 U.S. 770 (2010) ...................................................... 4

*Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333 (11th Cir. 2000) ...... 13

*White v. Univision of Va. Inc. (In re Urban Bread Corp.)*, 401 F.3d 236, 244 (4th Cir. 2005) ................................................................................. 2

*Wood v. United States HUD (In re Hood)*, 993 F.3d 245 (4th Cir. 2021) 12

**Statutes**

11 U.S.C. § 362 ............................................................................................... 6

11 U.S.C. § 363 ............................................................................................... 3

11 U.S.C. § 522 ............................................................................................. 12

11 U.S.C. § 542 ............................................................................................... 3

11 U.S.C. §553 .............................................................................................. 12

11 U.S.C § 1302 .............................................................................................. 5

11 U.S.C. § 1303 ............................................................................................. 3

11 U.S.C. § 1306 ..................................................................................... 12, 13

11 U.S.C. § 1321 ......................................................................................... 4, 9

11 U.S.C. § 1322 ..................................................................................... passim

11 U.S.C. § 1325 ..................................................................................... passim

11 U.S.C. § 1327 ..................................................................................... passim

28 U.S.C. § 2075 ......................................................................................... 9, 14

N.C.G.S. § 1C-1601 ........................................................................................ 6

N.C.G.S. § 1C-1604 ........................................................................................ 6

**Rules**

Fed. R. Bankr. P. 3015 ......................................................................... 9, 10, 11

Fed. R. Bankr. P. 3015.1 ...................................................................... 9, 10, 11

Bankr. Local Rule 4003-1 ............................................................................... 4

Bankr. Local Rule 9006-1 ............................................................................... 3

## ARGUMENT

### I. Ms. Trantham has prudential standing.

Since Ms. Trantham's brief was filed, the Sixth Circuit has again questioned whether *Lexmark Int'l, Inc. v. Static Control Components*, 572 U.S. 118 (2014) abrogated the "person aggrieved" standard for standing in bankruptcy cases. *Litton Loan Servicing, L.P. v. Schubert (In re Shubert)*, 2023 U.S. App. LEXIS 7432 at *6-8 (March 28, 2023). However, the parties in *Litton* did not brief the issue and the Sixth Circuit found the issue was waived. *Id.* at *8. In the opening brief, Ms. Trantham argues that the "person aggrieved" standard has been abrogated by *Lexmark*. (Appellant's Brief at pp. 15-16)[1]. This Court should find that *Lexmark* abrogated the person aggrieved standard and that Ms. Trantham has standing under the "virtually unflagging" standard. See *Lexmark* at 125-126.

### II. Ms. Trantham is a "person aggrieved".

Ms. Trantham meets the "person aggrieved" test. "[I]t is well established that a person aggrieved is a 'party directly and adversely

---

[1] Pagination references to Appellee's brief refer to the Appellee's numbering, not the Court's electronic stamp.

1

affected pecuniarily.'" *White v. Univision of Va. Inc. (In re Urban Bread Corp)*, 401 F.3d 236, 244 (4th Cir. 2005) quoting *Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983)(internal quotation omitted).  This Circuit has not examined the full criteria to satisfy "pecuniarily", but the *Fondiller* does.  A bankruptcy debtor is a "person aggrieved" when an order diminishes "the debtor's property, increase[s] his burdens, or detrimentally affect[s] his rights." *Fondiller* at 442.  As set forth in the opening brief, this definition is adopted or used by eight other circuits and one lower court in this Circuit.  (See string citations in Appellant's Brief, pp. 16-17.)  Only one of the three criteria must be met.  Ms. Trantham satisfies all of them.

### A. The bankruptcy court's order diminished Ms. Trantham's property.

If Ms. Trantham's pre-petition property revested at confirmation, Ms. Trantham would have regained ownership of her pre-petition property, which she valued at $12,815.00 in her petition. JA 23. Instead, without revesting, she only owned her 401k account, valued at $6,240.00, which is not property of the estate under 11 U.S.C. §

2

542(c)(2). JA 21. This $6,575.00 difference satisfies the "diminished property" option to be a "person aggrieved".

### B. The Trustee concedes Ms. Trantham's procedural burdens were increased.

As set forth in the opening brief, Ms. Trantham would need to file a motion if she wanted to use, sell, or lease non-revested property outside of the ordinary course of business. See 11 U.S.C. §§ 363(b)(1), 1303. The Trustee's brief concedes that additional burdens are placed upon Ms. Trantham because under Local Rule 9006-1, Ms. Trantham is required to file a motion to shorten notice if she wants a hearing with notice of less than seven days. (Appellee's Brief, p. 13). This satisfies the "increased burdens" option to be a "person aggrieved".

### C. This Court must address the merits of the case to determine whether Ms. Trantham's rights were detrimentally affected.

This Court must address the merits of the case to determine whether Ms. Trantham's rights were detrimentally affected. As explained in the main argument, Ms. Trantham's position is that the Bankruptcy Code grants her the right to propose her own plan, to

3

specify in the plan that property revests at confirmation, and that the court shall confirm that plan. See 11 U.S.C. §§ 1321, 1322(b), 1325(a), 1327(b). This satisfies the "detrimentally affected rights" option to be a "person aggrieved".

### D. The Trustee's alternatives fail.

The Trustee's brief argues that Ms. Trantham lacks standing because all of her property is exempt from the bankruptcy estate and because she is seeking an advisory opinion. (Appellee's Brief, p. 33). This uses an incorrect analysis of the Bankruptcy Code's exemption scheme. As set forth in *Schwab v. Reilly*, 560 U.S. 770 (2010), Ms. Trantham can only claim an exemption in her *interest* in the property, "*not* as the [property] *per se.*" *Id.* at 783. In other words, she exempts a specified value of her property interest, not the property itself. The exemption form, Schedule C, does not set the value of the property and is only the debtor's estimate of value. *Id.* at 788. Therefore the property is not automatically exempted from the estate. In addition, Local Rule 4003-1 does not operate to set the value of her property either. Thus, to do so requires an additional motion to the court to set the value of her property and find that the exemption was at least as

4

much as the value of the property. This is an increased burden on Ms. Trantham.

The brief of the Trustee also asserts that this case is seeking an advisory opinion and is analogous to *Butala v. Logan (In re Butala)*, No. 5:18-CV-376-FL, 2019 U.S. Dist. LEXIS 27250 (E.D.N.C. Feb. 21, 2019). In *Butala*, the debtor sought to invalidate a local rule regarding the ability to borrow money while in a Chapter 13 bankruptcy. However, he had no motion before the court to borrow money. *Butala* is not analogous to the facts here as Ms. Trantham's issue falls under the plan confirmation process. The Bankruptcy Code directs a debtor to file a plan, which requires the debtor to advise the parties how she intends to reorganize. 11 U.S.C § 1302. This does not constitute seeking an advisory opinion. It is forecasting her reorganization plans. Confirmation then sets the rights and responsibilities of the parties. 11 U.S.C. § 1327(a). The controversy in *Butala* arose after confirmation set the rights and responsibilities under his plan. Further, there was no substantive request before the *Butala* bankruptcy court. *Butala* at *2. Here, Ms. Trantham is merely complying with the Bankruptcy

5

Code's plan confirmation process, and § 1322(b)(9) permits her to specify the time of vesting.

Ms. Trantham had no use for delayed vesting. She had no secured debts, so under 11 U.S.C. § 362(a)(6), the automatic stay continues to protect her from collection efforts by pre-petition creditors. If sued by a post-petition creditor, Ms. Trantham can exempt all of her property under North Carolina exemptions. N.C.G.S. § 1C-1601(a). Unlike the exemption scheme under the Bankruptcy Code, the North Carolina exemption scheme exempts the actual property from enforcement claims of creditors, not just a specified value of her property interest. N.C.G.S. § 1C-1604.

Ms. Trantham received no benefit from her property remaining property of the estate. As explained in the main argument, she has the right to specify when property revests. Delayed revesting violates her rights and adds complexity to her case that is not required. This constitutes standing.

### III.  LVNV Funding v. Harling is precedent and is controlling.

This Court's analysis in *LVNV Funding v. Harling*, 852 F.3d 367 (4th Cir. 2017), of the plan confirmation process is precedent. If a

6

judicial opinion of this Circuit is part of the analytical foundation of the holding, its reasoning must be followed. *Payne v. Taslimi*, 998 F.3d 648, 654-655 (4th Cir. 2021). "Dictum is a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundation of the holding—that, being peripheral, may not have received the full and careful consideration of the court that uttered it." *Id.* (internal quotations omitted). The question before this Court in *LVNV Funding* was whether plan confirmation was an adjudication on the merits of any particular unsecured claim. *LVNV Funding* at 371. Part of the analytical foundation of that opinion was the analysis of the "statutory scheme" for "the requirements of plan confirmation." *Id*. Only after analysis of the plan confirmation process could it conclude that plan confirmation had no res judicata effect on the adjudication of any individual unsecured claim. *Id*. at 376. Therefore, it was integral to the analytical foundation of the holding.

The Trustee argues that Ms. Trantham's reliance on *LVNV Funding* is too simplistic. But it is simplistic because the Bankruptcy Code makes it so. "The bankruptcy code lacks the authority to impose additional requirements" regarding the plan confirmation procedure.

7

*Id.* at 371. "'By creating a finite list of… affirmative requirements necessary for a plan's confirmation, we assume that Congress intended to exclude other requirements from being grafted onto section 1325(a).'" *Id.* quoting *Petro v. Mishler*, 276 F.3d 375, 378 (7th Circ. 2002). If these two sentences from *LVNV Funding* were followed, it would have given sufficient guidance to the bankruptcy court to confirm the plan. Instead, the Trustee seeks to make the process complex so that it can compel the use of its preferred vesting provision. But it is Congress that sets the vesting policy, not the bankruptcy courts and local rules committees. The default time of vesting is at confirmation. See §§ 1322(b)(9), 1327(b). *LVNV Funding* emphasized the limited nature of plan confirmation. By citing *Petro*, this Court made clear that if the plan satisfied the Code, it was to be confirmed without inserting other provisions in the plan. The trustee seeks to impermissibly insert other provisions into Ms. Trantham's plan.

8

## IV. Making portions of §1327(b) unavailable to a debtor is not consistent with a bankruptcy court's rulemaking authority.

The Trustee's Brief argues that "debtors may propose—and courts may confirm—chapter 13 plans containing vesting provisions that do not vest estate property in the debtor at confirmation." (Appellee's Brief at p. 15). That particular issue is not before this court. Stated another way, the Trustee asks this Court to hold that a local plan can eliminate portions of § 1322(b)(9) and § 1327(b) and mandate the local rules committee's preferred time of vesting. Section 28 U.S.C. § 2075 makes clear this is not permitted. Section 1321 and § 1322 make clear that the debtor is in the driver's seat when selecting which § 1322(b) plan provisions she wishes to use. So long as the plan is filed in good faith, selecting a provision allowed under § 1322(b) does not otherwise violate the Bankruptcy Code and other applicable provisions of the law. Thus, a bankruptcy court is compelled to confirm a plan absent an objection under the limited grounds of § 1325(b). *Petro* at 378.

The Appellee counters that Ms. Trantham's plan did not comply with Fed. R. Bankr. P. 3015(c) and 3015.1 with the placement of her

9

nonstandard provision. (Appellee's Brief at p. 30.). The trustee did not raise this issue in the courts below. Neither the bankruptcy court nor district court took issue with the placement of the special provision. The Appellant's brief even notes that in *In re Diaz*, 972 F. 3d 713 (5th Cir. 2020), Diaz struck through portions of the plan. (Appellant's Brief, p. 39). The Fifth Circuit did not take issue with this practice. *Id.*

Nevertheless, Rule 3015.1 places responsibilities not on a debtor, but on the district court when it adopts a local plan. Subsection (e)(1) requires the district form to include a statement that a nonstandard provision placed elsewhere in the plan is void. The plan for the Western District of North Carolina failed to comply with this section of Rule 3015.1. See Appellant's Brief, Addendum, p. 42, Section 8.1. Whereas the National Plan includes a language in Section 8.1 that "[n]onstandard provisions set out elsewhere in this plan are ineffective." See Appellant's Brief, Addendum, p. 29.

The debtor's responsibilities, then, are to comply with the form. Ms. Trantham did. Ms. Trantham placed her non-standard provision on vesting in Section 8.1 of the plan, below the other sixteen "nonstandard" provisions mandated by the local plan. JA 61-63. She

10

checked the box in Section 1.5 to indicate nonstandard provisions were included. JA 59. In section 7.1, she crossed through the inapplicable section to draw attention to it. JA 61. This was the same procedure used by the debtor in *Diaz*. *Diaz* at 716. The point of Rule 3015.1(e) is so that debtors don't hide provisions that deviate from the form. That was not the case here. The Trustee's stance would mean additional notice to parties makes a provision void. Such a rule would lead to absurd results. But Rule 3015(c) makes clear that a nonstandard provision is effective if it is included in the section for nonstandard provisions and any other requirement of the form. Ms. Trantham did so.

Ms. Trantham's plan complied with the Bankruptcy Code. It complied with the Federal Rules of Bankruptcy Procedure, the Local Rules, and the local plan. The bankruptcy court was compelled to confirm the plan under § 1325(a).

## V. Section 1327(b) does not authorize a bankruptcy court to mandate revesting at a later time.

The Trustee argues that the plain language of § 1327(b) unambiguously provides an exception to the "shall confirm" language of § 1325. Under the Trustee's theory, even if a plan proposes to revest at

11

confirmation, a bankruptcy court judge can unilaterally order otherwise in the confirmation order. Section 1327(b) provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." Contrary to the Trustee's argument, there is ambiguity in § 1327(b) in relation to other statutes. With the Bankruptcy Code, conflicting interrelated statutes must be read in conjunction with other unambiguous provisions of the Bankruptcy Code. See *Wood v. United States HUD (In re Hood)*, 993 F.3d 245, 251 (4th Cir. 2021)(examining 11 U.S.C. § 522 "in conjunction with unambiguous language of §553(a)")(citing *Copley v. United States*, , 124 (4th Cir. 2020).

Section 1306(a)(2) states that property of the estate includes the earnings of the debtor acquired after the commencement of the case. Section 1322(a)(1) directs that a plan shall provide for the submission of the future earnings of the debtor necessary for the execution of the plan. Lastly, § 1325(a) unambiguously directs when a bankruptcy court shall confirm a plan. Thus, a confirmation order returns to the debtor the property unnecessary to fulfill the plan. *Black v. United States Postal*

12

*Serv. (In re Heath)*, 115 F.3d 521, 524 (7th Cir. 1997). There, the Seventh Circuit resolved the conflict between §§ 1306(a)(2) and 1327,

> [§1327(b)] scotches any inference that Congress intended to render all Chapter 13 debtors legally incompetent to manage any of their property…. [T]he plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan.

*Id.* See also, *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1340 (11th Cir. 2000), *Cal. Franchise Bd. v. Kendall (In re Jones)*, 657 F.3d 921, 928 (9th Cir. 2011). Later, in *In re Cherry*, 963 F.3d 717, 720 (7th Cir. 2020), the Seventh Circuit extended *Black* to hold that § 1327(b) mandates revesting at confirmation absent a case-specific reason. Here, Ms. Trantham, the Trustee, and Amici agree that *Cherry's* interpretation of §1327(b) goes too far. (Appellant's Brief at p. 48; Amici Brief at pp. 5, 14-15).

A debtor has the right to specify when property revests, whether at confirmation or a later time. § 1322(b)(9). The default rule under Bankruptcy Code, revesting at confirmation, would not ordinarily run afoul of the good faith requirement under § 1325(a)(3). However, a bankruptcy court would need to exercise discretion to come to a different result. *Cherry*, at 720. Ms. Trantham's good faith was never

13

challenged before the bankruptcy court and the bankruptcy court did not exercise any discretion on this issue. JA 64, 70-72. Instead, it mandated a substantive law provision in a local plan in violation of 28 § U.S.C. 2075. Section 1327(b) does not grant a bankruptcy court latitude to implement its preferred plan provisions. "The bankruptcy court lacks authority to impose additional requirements." *LVNV Funding* at 371. This includes vesting at the close of the case. As Judge Posner notes, to treat a debtor otherwise "would be the equivalent to that of a child, a mental incompetent, or a married woman in the era of coverture." *Black* at 523.

## CONCLUSION

This Court should reverse the district court and remand the case to the bankruptcy court to vacate the confirmation order and order sustaining the trustee's objection to confirmation.

        Respectfully submitted,

        <u>/s/R. Todd Mosley</u>
        R. Todd Mosley
        NC Lic. # 48586
        Attorney for Appellant
        PO Box 16587
        Asheville, NC 28816
        (828) 412-8700

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(B) the undersigned certifies that this brief complies with the type limitations of these Rules.

1. Exclusive of the exempted portions Fed. R. App. P. 32(f), the brief contains 2,662 words.

2. This brief has been prepared using font size 14 in Century Schoolbook.

                                           Counsel for Appellant,

                                           /s/R. Todd Mosley
                                           R. Todd Mosley

CERTIFICATE OF SERVICE

I certify that on May 11, 2023, the foregoing was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Counsel for Appellant,

/s/R. Todd Mosley
R. Todd Mosley